UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

IN RE:

O&G LEASING, LLC                                             CASE NO. 10-01851-EE

PERFORMANCE DRILLING COMPANY, LLC                            CASE NO. 10-01852-EE

CHAPTER 11
Joint Administration Requested

INTERIM RESPONSE AND OBJECTION OF FIRST SECURITY BANK AS TRUSTEE
TO DEBTORS' EMERGENCY MOTION PURSUANT TO §§ 361 AND 363 OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 4001 FOR INTERIM AND FINAL
ORDERS (1) AUTHORIZING USE OF CASH COLLATERAL; (2) GRANTING
ADEQUATE PROTECTION; (3) SCHEDULING AND APPROVING METHOD OF
NOTICE OF FINAL HEARING; and (4) FOR RELATED RELIEF (DK #16)

First Security Bank, as trustee pursuant to that certain Amended and Restated Trust Indenture, dated September 15, 2009 ("Amended and Restated Trust Indenture") ("First Security"), a creditor and party in interest in this proceeding, for its interim response and objection to the Debtors', O&G Leasing, LLC's ("O&G") and Performance Drilling Company, LLC's ("Performance Drilling"), emergency motion (DK #16) ("Emergency Motion") would state as follows:

1.      At approximately 5:00 p.m. on Monday, May 24, 2010, the Debtors served their Emergency Motion. The Emergency Motion is set for hearing at 3:30 p.m. on May 25, 2010. Debtors failed to provide First Security adequate notice under the circumstances of Debtors' Emergency Motion.

2.      The premise of the Emergency Motion is that First Security's lien on the Debtors'

assets is subject to a bona fide dispute. First Security objects to the Debtors' mischaracterization of its lien position. First Security has a perfected first lien on four of O&G's five drilling rigs, including the two rigs that are generating revenue. First Security has a second lien on O&G's other rig. First Security timely filed adequate UCC-1 Financing Statements on each rig, and the UCC-1 Financing Statements have not been terminated.

3.    First Security objects to the use by Debtors of its cash collateral. The Emergency Motion fails to disclose Debtors' prior misuse of First Security's cash collateral and includes improper purported budgeted future use of such collateral.

4.    Alternatively, First Security requests (i) that the Court condition the use of the cash collateral upon strict adherence to a budget that only pays the expenses necessary to operate the rigs that are actually working, and (ii) that the Court grant First Security a replacement lien to the extent its cash collateral is used.

5.    First Security reserves the right to supplement its objection and response prior to the final hearing hereof.

This 25th day of May, 2010.

**Respectfully submitted,**

**FIRST SECURITY BANK, AS TRUSTEE**

By: **/s/ Jim F. Spencer, Jr.**
    **Jim F. Spencer, Jr.**

OF COUNSEL:

PAUL H. STEPHENSON, III (MSB# 7864)
JIM F. SPENCER, JR.(MSB# 7736)
C. JOYCE HALL (MSB# 2123)
WATKINS & EAGER PLLC
Post Office Box 650
Jackson, Mississippi 39205
The Emporium Building
400 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 965-1900
Facsimile:   (601) 965-1901
*pstephenson@watkinseager.com*
*jspencer@watkinseager.com*
*jhall@watkinseager.com*

## CERTIFICATE OF SERVICE

I, Jim F. Spencer, Jr., hereby certify that I have this day caused to be served by electronic mail a true and correct copy of the foregoing document to the following counsel of record:

Douglas C. Noble, Esq.  
McCraney Montagnet & Quin, PLLC  
602 Steed Road, Suite 200  
Ridgeland, MS 39157  
dnoble@mmqlaw.com

Ron McAlpin, U.S. Trustee  
100 West Capitol Street, Suite 706  
Jackson, MS 39269  
Ronald.McAlpin@usdoj.gov

This 25th day of May 2010.

/s/ Jim F. Spencer, Jr.  
Jim F. Spencer, Jr.

L:\1976\33644\O&G Bankruptcy Documents\P005.Interim Response.PHS.wpd