**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| In re: ) | |
| ) | |
| O&G LEASING, LLC, *et al.*, ) | Case No. 10-01851 EE |
| ) | Chapter 11 |
| Debtors. ) | Jointly Administered |
| ) | |

**ORDER ESTABLISHING PROCEDURES FOR
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR PROFESSIONALS**

THIS CAUSE came before the Court on the *Motion to Establish Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (the "**Motion**") [Dkt #94] filed by the debtors and debtors-in-possession (collectively, the "**Debtors**") in these jointly administered reorganization proceedings. The Court, having considered the Motion and the premises, finds that no timely objection or response was filed to the Motion after due and proper notice was provided and that the same should be granted.

IT IS THEREFORE ORDERED that the Motion is hereby granted in full, and the procedures for interim payment of compensation and reimbursement of expenses of the Professionals (as defined in the Motion) are as follows (the "**Compensation Procedures**"):

A. On or before the 10th day of each month following the month for which compensation is sought (the "**Compensation Period**"), each Professional seeking interim compensation shall serve a monthly statement (each a "**Monthly Invoice**") for services rendered and reimbursement of expenses incurred during the Compensation Period. A copy of the Monthly Invoice shall be served upon the following persons (collectively, the "**Notice Parties**" and which shall include counsel for any committee hereafter appointed, if any):

    1.   <u>Debtors</u>:   Jeff Goodwin, CFO
                            jgoodwin@perfdrill.com

    2.   <u>Counsel for Debtors</u>:   Douglas C. Noble
                            dnoble@mmqlaw.com

                            Robert L. Holladay, Jr.
                            robert.holladay@youngwilliams.com

    3.   <u>Counsel for Trustee</u>:   Jim F. Spencer
                            jspencer@watkinseager.com

    4.   <u>Counsel for Washington State Bank</u>:   Derek A. Henderson
                            d_henderson@bellsouth.net

    5.   <u>U.S. Trustee</u>   Ronald H. McAlpin
                            ronald.mcalpin@usdoj.gov

B.    All Monthly Invoices shall comply with the Bankruptcy Code, Bankruptcy Rules, Uniform Local Rules and U.S. Trustee Guidelines.

C.    Each Notice Party will have fourteen (14) days after service of a Monthly Invoices to review and object to same in accordance with Paragraph D, below. Upon the expiration of said 14 day period, if no objections have been made, the Debtors are authorized to pay, without further notice or order of the Court but subject to all applicable financing orders and accompanying budgets, each Professional an amount equal to the lesser of:

    1.    eighty percent (80%) of the fees and one hundred percent (l00%) of the expenses requested in the Monthly Invoice; or

    2.    eighty percent (80%) of the fees and one hundred percent (100%) of the expenses not subject to an objection pursuant to subparagraph (D) below.

D.    If any Notice Party objects to any portion of the Monthly Invoice of a Professional (the "**Affected Professional**"), the Notice Party must serve on or before the Objection Deadline a written statement of its objection setting forth the precise nature of the objection and the amount of objectionable fees and expenses at issue (collectively, the "**Objection**") on each of the Notice Parties. If, after the service of an Objection, the objecting party and the Affected Professional resolve the Objection on a consensual basis, the Debtors are authorized to pay the amount agreed upon by such parties after receipt by the Debtors of a statement from both such parties acknowledging that the Objection has been resolved and upon what terms. If the parties are unable to resolve an Objection within seven (7) days after

        the service of the Objection, payment of the amount subject of the Objection shall be withheld until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if so requested by the Affected Professional.

E.      Beginning with the period ending on September 30, 2010, and at three-month intervals or at such other intervals that may be convenient to the Court (each, a "**Quarterly Fee Period**"), each Professional shall file with the Court and serve on the Notice Parties within thirty (30) days of the end of such Quarterly Fee Period a request ("**Quarterly Fee Application**") for interim Court approval and allowance, pursuant to § 331 of the Bankruptcy Code, of the fees and expenses previously sought in the Monthly Invoices pertaining to such Quarterly Fee Period. The Quarterly Fee Application must include a summary of the Monthly Invoices that are the subject of the request plus, any other information requested or required by the Court or required by the local rules.

**Any Professional that fails to file a Quarterly Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as the Professional submits a further Quarterly Fee Application.**

F.      The pendency of an Objection to a Monthly Invoice will not disqualify a Professional from receiving future payment of compensation or reimbursement of expenses under the Compensation Procedures.

IT IS FURTHER ORDERED THAT neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of or the failure to file an Objection will bind any party-in-interest or bind the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures shall remain subject to disgorgement until final allowance by the Court;

IT IS FURTHER ORDERED that any member of a committee hereafter appointed may submit statements of expenses (excluding expenses of counsel to individual committee members) and supporting vouchers to counsel to the committee, who shall collect and submit the

3

committee members' requests for reimbursement in accordance with the Compensation Procedures;

IT IS FURTHER ORDERED that notice of Quarterly Fee Applications and all final fee applications shall be limited to the Notice Parties and either (a) the 20 largest unsecured creditors on a consolidated basis (if no committee is otherwise appointed) or (b) those parties listed on any shortened service list established herein; and

IT IS FURTHER ORDERED that the Debtors shall include in their monthly operating reports all payments made to the Professionals in accordance with the Compensation Procedures, detailed so as to state the amount paid to each of the Professionals.

*Edward Ellington*
Edward Ellington
United States Bankruptcy Judge
Dated: July 21, 2010

Order Submitted By:

Douglas C. Noble, MS Bar No. 10526
McCraney, Montagnet & Quin, PLLC
dnoble@mmqlaw.com
Counsel for Debtors

# CERTIFICATE OF NOTICE

```
District/off: 0538-3          User: dsawyer              Page 1 of 1              Date Rcvd: Jul 21, 2010
Case: 10-01851                Form ID: pdf012            Total Noticed: 1

The following entities were noticed by first class mail on Jul 23, 2010.
dbpos        +O&G Leasing, LLC,   125 South Congress St.,   Suite 1610,   Jackson, MS 39201-3399

The following entities were noticed by electronic transmission.
NONE.                                                                                    TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jul 23, 2010**                           **Signature:**   *Joseph Speetjens*