## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

IN RE: O&G LEASING, LLC, ET AL.,      **CHAPTER 11 CASE NO: 10-01851-EE**
**Debtors**      **Chapter 11**
      **Jointly Administered**

## FIRST SECURITY BANK, AS TRUSTEE'S BRIEF
## IN OPPOSITION TO MOTION TO COMPEL COMPLIANCE
## WITH FED. R. BANKRUPTCY PROCEDURE 2019

First Security Bank, as Trustee, ("First Security") submits its brief in opposition to motion

of Debtors to compel compliance with Federal Rule of Bankruptcy Procedure 2019 and states as

follows:

### I. INTRODUCTORY STATEMENT

The Debtors' motion is a waste of the Court's time and the Debtors' limited resources.

Nothing in Rule 2019 requires an indenture trustee to list all the names of the beneficial owners of

a debenture held in a registered street name. O&G is a signatory party to the Amended and Restated

Trust Indenture ("Indenture"), a copy of which is attached to First Security's verified Rule 2019

statement. The Indenture governs the relationship of First Security to the registered owner of the

debentures, Cede & Co, the participants and the owners of beneficial interests therein.

O&G and PDC purposefully availed themselves of the benefits of having the debentures

qualified through a clearinghouse, the Depository Trust Company ("DTC"). By using DTC, the

debentures have a single registered owner, Cede & Co. Broker/dealer participants in DTC sold

portions of the debentures to the beneficial owners of the debentures. The beneficial ownership can

change from time to time because the debentures can be traded; however, the registered ownership

of the debentures does not change. See Indenture Section 2.13. Moreover, upon default, the

Indenture vests exclusive authority in First Security to represent the debenture holder in this case and

take any necessary action.

First Security has filed a Rule 2019 verified statement which properly identifies Cede & Co.

as the registered owner of the debentures and explains this clearinghouse process. This is all that

Rule 2019 requires. This motion should be denied.

## II. THE INDENTURE GOVERNS THE RELATIONSHIP
## OF FIRST SECURITY TO THE OWNERS OF THE DEBENTURES.

Section 2.13 of the Indenture is the operative provision that addresses the issue of the

registered owner of the debentures. It provides as follows:

> The Debentures shall initially be issued as book-entry
> Debentures and shall be registered in the name of Cede & Co., as
> nominee of The Depository Trust Company ("DTC") and delivered
> to DTC in New York, New York, prior to the Closing Date or
> maintained by Trustee under appropriate custodial agreements with
> DTC, as the case may be. Trustee and Issuer acknowledge that Issuer
> has executed and delivered a Blanket Letter of Representations with
> DTC. All payments of principal and redemption premium, if any, and
> interest on the book-entry Debentures and all notices with respect
> thereto, including notices of full or partial redemption, shall be made
> and given at the times and in the manner set out in the Letter of
> Representations. . . . Issuer and Trustee will recognize the Securities
> Depository [DTC] or its nominee as the Debenture Holder of book-
> entry Debentures for all purposes, including receipt of payments,
> notices and voting; *provided,* Trustee may recognize votes by or on
> behalf of beneficial owners as if such votes were made by Debenture
> Holders of related portion of the Debentures when such votes are
> received in compliance with an omnibus proxy of the Security
> Depository or otherwise pursuant to the Rules of the Securities
> Depository or the provisions of the Letter of Representations or other
> comparable evidence delivered to Trustee by the Debenture Holders.
>
> With respect to book-entry Debentures, Issuer and Trustee
> shall be entitled to treat the Person in whose name such Debenture is

2

> registered as the absolute owner of such Debenture for all purposes
> of this Indenture and neither Issuer nor Trustee shall have any
> responsibility or obligation to any Beneficial Owner of such book-
> entry Debenture.

(Emphasis added.)

Consistent with the Indenture, O&G and PDC executed a Blanket Letter of Representation

to DTC, a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference. It

provides in pertinent part as follows:

> Issuer [O&G] and Agent acknowledge that, so long as Cede & Co. is
> record Owner of the Securities, Cede & Co. shall be entitled to all
> applicable voting rights and receive the full amount of all
> distributions payable with respect thereto.

> The Blanket Letter of Representations governs notices and other
> communications to the participants in the offering.

Accordingly, under the Indenture and the Blanket Letters of Representation, **signed by the**

**Debtors**, Cede & Co. is the registered owner to whom all notices are to be sent and First Security

is entitled to treat Cede & Co. as the absolute owner for all purposes.

In an effort to resolve the debtors' motion and comply with Rule 2019, First Security

searched the records in the Southern District of New York to find a Rule 2019 statement filed by an

indenture trustee. Attached as Exhibit "B" (without exhibits) is a copy of a representative 2019

statement filed by an indenture trustee in ESCADA (USA), Inc., Case No. 09-15008, United States

Bankruptcy Court, Southern District of New York. We also researched every reported case from the

bankruptcy courts, district courts and court of appeals addressing Rule 2019.[1]  We did not find any

case in which the court required an indenture trustee to identify all the beneficial owners of a bond

---

[1]Our research found over 100 cases in which Rule 2019 is mentioned.

3

issue or debenture issue pursuant to Rule 2019.

Based on the 2019 statement filed in New York, the clear language of the Indenture and the Blanket Letters of Representation, executed by O&G and PDC, First Security filed a Verified Statement pursuant to Rule 2019, a copy of which is attached hereto as Exhibit "C" (without exhibits) and incorporated herein by reference. The 2019 statement identifies the record owner of the debentures, Cede & Co., and explains the way in which the participant brokers sell portions of the debenture to the beneficial owners who can change from time to time. Not surprisingly, O&G and PDC moved to strike the First Security's 2019 statement, which motion completely lacks merit. First Security's Rule 2019 statement should be deemed sufficient and in compliance with Rule 2019.

The Debtors use of Rule 2019 as a sword in this case is plainly misguided. Rule 2019 "more appropriately" applies "to the formal organization of a group of creditors holding similar claims, who have elected to consolidate their collection efforts. . . ." *Wilson v. Valley Electric Membership Corp.*, 141 B.R. 309, 315 (Bankr. N.D. Tex. 1992). Here, the debenture holders are not acting as an informal committee of creditors with similar but different claims. Instead, as demonstrated by the specific terms of the Indenture, **signed by the Debtor**, there is a single registered owner of the debentures, Cede & Co. The beneficial owners of the debentures possess a portion of one single claim and have unequivocally appointed First Security to act on their behalf, all of which the Debtors agreed to when they signed the Indenture. For them to now complain about this arrangement is absurd.

Furthermore, First Security does not know the names of the beneficial owners, who can change from time to time, as debentures are traded. All that Rule 2019 requires is for First Security to identify the name of the creditor and the amount of its claim, which First Security has done in its

4

Rule 2019 statement. Because the Debtors agreed that Cede & Co., is the registered owner of the debentures for all purposes, see Indenture Section 2.13, the Debtors should not be permitted to use Rule 2019 to re-write the parties contract.[2] Such a result would place an impossible burden on First Security that no other court has required of any indenture trustee.

### III. FIRST SECURITY HAS CLEAR CONTRACTUAL AUTHORITY TO ACT ON BEHALF OF DEBENTURE OWNERS.

The purpose of Rule 2019 is to ensure that those who are participating in a Chapter 11 case "are authorized to act" on behalf of the parties in interest. *Certain Underwriters at Lloyd's v. Future Asbestos Claim Representative*, 327 B.R. 554, 559 (D. Del 2005). As shown above, there is no question of First Security's authority to act in this case.[3]

Nonetheless, O&G and PDC continue to claim that they need the names of the beneficial owners because First Security has no authority to act on their behalf in this case. In fact, in chambers counsel for the Debtors suggested that in his experience, the trustee of an indenture was merely a paying agent with no real authority. Their brief even calls First Security "an obstructionist participant." Brief p. 9. Counsel is wrong about First Security's role. In this case, as in any other case involving an indenture trustee, upon default the trustee becomes fully vested with the power to act on behalf of the debenture owners. See *In Re Delta Airlines, Inc.*, 370 B.R. 537 (Bankr. S.D.N.Y. 2007). The provisions of the Indenture are clear. Specifically, upon default, First Security is vested with <u>exclusive</u> power to exercise the debenture holders' remedies, subject to the direction of a majority of the debenture holders. Section 9.08 of the Amended and Restated Trust Indenture

---

[2]All the Rule 2019 cases cited by Debtors in their brief address the issue of ad hoc committees or unofficial committees of creditors, not indenture trustees.

[3]Debtors completely ignored the Indenture in their brief.

provides:

> All rights of action (including the right to file proof of claim) under this Indenture, or any other of the Debentures, may be enforced by Trustee without the possession of any of the Debentures or the production thereof in any trial or other proceeding related thereto and any such suit or proceeding instituted by Trustee shall be brought in its name as Trustee, without the necessity of joining as Plaintiffs or Defendants any Holders of the Debentures hereby secured, and any recovery of judgment shall be for the equal benefit of the Holders of the Outstanding Debentures.

Further, Section 9.9 provides:

> No holder of any Debenture shall have any right to institute any suit, action or proceeding in equity or at law for the enforcement of this Indenture or for the execution of any Trusts hereof or for the appointment of a Receiver or any other remedy hereunder unless a default has occurred of which Trustee has been notified as provided in sub-section (g) of Section 10.1, below or of which by said sub-section it is deemed to have notice nor unless such default shall have become an event of default and the Holders of twenty-five percent in the aggregate principal amount of the Debentures outstanding hereunder shall have made written request to Trustee and shall have offered it reasonable opportunity either to proceed to exercise the powers herein before granted or to institute such suit or proceeding in its own name, nor unless they have offered the Trustee indemnities as provided in Section 10.01 below, nor unless Trustee shall have thereafter failed or refused to exercise the powers hereinbefore granted, or to institute such action or proceeding in its own name. . . ; it being understood and intended that no one or more Holders of the Debentures shall have any right in any manner whatsoever to affect, disturb or prejudice the lien of this Debenture by action of the Holder or Holders to enforce any right hereunder except in the manner herein provided and that all proceedings at law or equity shall be instituted, held and maintained in the manner herein provided for the equal benefit of the Holders of the Debentures Holders hereunder.

These provisions are valid and enforceable and vest total authority in First Security to act on behalf of the debenture owners in this case. The *Delta Airlines* case is on point. There, a group of bondholders objected to a settlement entered into by the bond trustee. The objectors claimed, like O&G, that the trustee lacked authority to represent the bondholders in the bankruptcy. The court framed the issue as follows: "The real issue under Article IX of the Indenture was . . . what remedies could be exercised by or on behalf of the bondholders, by whom and under what authority." *Id.* at

6

547. The court held that the provisions of the indenture, which are similar to the provisions here, "clearly vests in the Bond Trustee alone the power to exercise the Bondholders' remedies in the event of default, subject to instruction by a majority in principal amount of Bondholders." *Id.*

More importantly, the court held that implicit in the authority to exercise rights upon default, was the right to negotiate and settle the claims:

> These provisions, individually and collectively, make absolutely clear that, when there is a default by the issuer, the Bond Trustee alone has the power and authority to commence remedial procedures on behalf of all Bondholders constrained only by the direction in writing of a majority in amount of the Bondholders. No individual Bondholder and no group of Bondholders, large or small, has the right or power on its own behalf or on behalf of other Bondholders to exercise remedial procedures unless the Bond Trustee refuses to act.

> Implicit in the authority to commence proceedings to remedy defaults is the power to negotiate and agree upon settlements, subject to the power to direct in writing by a majority in amount of the Bondholders.

*Id.* at 548.

Thus, under the plain language of the Trust Indenture, First Security clearly has the exclusive power to act on behalf of the debenture holders in this case. Their argument otherwise is not supported by the documents they signed or case law.

## IV. CONCLUSION

For the reasons set forth herein, this motion should be denied.[4]

---

[4]First Security declines to address the derogatory statements in the Debtors' brief directed at it and its counsel.

This 5th day of October, 2010.

Respectfully submitted,

FIRST SECURITY BANK, AS TRUSTEE

By: /s/ Jim F. Spencer, Jr.
Jim F. Spencer, Jr.

OF COUNSEL:
PAUL H. STEPHENSON, III (MSB# 7864)
JIM F. SPENCER, JR. (MSB# 7736)
C. JOYCE HALL (MSB# 2123)
WATKINS & EAGER PLLC
Post Office Box 650
Jackson, Mississippi 39205
The Emporium Building
400 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 965-1900
Facsimile:  (601) 965-1901
pstephenson@watkinseager.com
jspencer@watkinseager.com
jhall@watkinseager.com

8

## CERTIFICATE OF SERVICE

I, Jim F. Spencer, Jr., hereby certify that I have this day caused to be served by electronic mail

a true and correct copy of the foregoing document to the following counsel of record:

Douglas C. Noble, Esq.                              E. Stephen Williams, Esq.
dnoble@mmqlaw.com                                   steve.williams@youngwilliams.com


Derek A. Henderson                                  Robert L. Holladay, Jr., Esq.
d_henderson@bellsouth.net                           rob.holladay@youngwilliams.com


Ronald H. McAlpin, U. S. Trustee
Ronald.McAlpin@usdoj.gov

This 5th day of October 2010.

/s/ Jim F. Spencer, Jr.
Jim F. Spencer, Jr.


L:\1976\33644\O&G Bankruptcy Documents\Bankruptcy Draft Pleadings\P029.FSBrief in Opposision of 2019.wpd

## The Depository Trust Company

A subsidiary of The Depository Trust & Clearing Corporation

## BLANKET ISSUER LETTER OF REPRESENTATIONS

[To be Completed by Issuer and Co-Issuer(s), if applicable]

O&G Leasing, LLC

[Name of Issuer and Co-issuer(s), if applicable]

November 30, 2006
[Date]

[For Municipal Issues:
    Underwriting Department—Eligibility; 25th Floor]
[For Corporate Issues:
    General Counsel's Office; 22nd Floor]
**The Depository Trust Company**
55 Water Street
New York, NY 10041-0099

Ladies and Gentlemen:

This letter sets forth our understanding with respect to all issues (the "Securities") that Issuer shall request be made eligible for deposit by The Depository Trust Company ("DTC").

To induce DTC to accept the Securities as eligible for deposit at DTC, and to act in accordance with DTC's Rules with respect to the Securities, Issuer represents to DTC that Issuer will comply with the requirements stated in DTC's Operational Arrangements, as they may be amended from time to time.

Note:

Schedule A contains statements that DTC believes accurately describe DTC, the method of effecting book-entry transfers of securities distributed through DTC, and certain related matters.

Received and Accepted:
THE DEPOSITORY TRUST COMPANY

By:_____

*DTCC.*

**The Depository Trust &
Clearing Corporation**

Very truly yours,

O&G Leasing, LLC
(Issuer)

By:_____
(Authorized Officer's Signature)

Ben O. Turnage
(Print Name)

125 South Congress, Ste. 1610
(Street Address)

Jackson, MS 39201
(City)        (State)    (Country)    (Zip Code)

( 601 ) 969-0610    X 18
(Phone Number)

_____
(E-mail Address)

[3/05]

**EXHIBIT
A**

Additional Signature Page to DTC Blanket Issuer Letter of Representation
for use with Co-Issuers

**Not Applicable**
_____
[Name of Issuer and Co-issuer(s)]

In signing this Blanket Issuer letter of Representations
dated as of _____, _____ Co-Issuer
agrees to and shall be bound by all "Issuer" representations.


_____
(Co-Issuer)

By:_____
(Authorized Officer's Signature)

_____
(Print Name)

_____
(Street Address)

_____
(City)            (State)      (Country)      (Zip Code)

(        )
_____
(Phone Number)

_____
(E-mail Address)

[3/05]

## The Depository Trust Company
A subsidiary of The Depository Trust & Clearing Corporation

### Representations for Rule 144A Securities
to be included in DTC Letter of Representations

O & A Leasing, LLC & Performance Drilling, LLC
_____
Name of Issuer and Co-Issuer(s) if applicable

$25,955,000 Senior Series 2009A & $7,610,000 Subordinate Series 2009B
Security Description including series designation, if applicable

Please See Attached Exhibit A
_____
CUSIP number(s) of the securities

1. Issuer represents that at the time of initial registration in the name of DTC's nominee, Cede & Co., the Securities were Legally or Contractually Restricted Securities,[1] eligible for transfer under Rule 144A under the Securities Act of 1933, as amended (the "Securities Act"), and identified by a CUSIP or CINS identification number that was different from any CUSIP or CINS identification number assigned to any securities of the same class that were not Legally or Contractually Restricted Securities. Issuer shall ensure that a CUSIP or CINS identification number is obtained for all unrestricted securities of the same class that is different from any CUSIP or CINS identification number assigned to a Legally or Contractually Restricted Security of such class, and shall notify DTC promptly in the event that it is unable to do so. Issuer represents that it has agreed to comply with all applicable information requirements of Rule 144A.

2. Issuer and Agent[2] acknowledge that, so long as Cede & Co. is a record owner of the Securities, Cede & Co. shall be entitled to all applicable voting rights and receive the full amount of all distributions payable with respect thereto. Issuer and Agent acknowledge that DTC shall treat any DTC Participant ("Participant") having Securities credited to its DTC accounts as entitled to the full benefits of ownership of such Securities. Without limiting the generality of the preceding sentence, Issuer and Agent acknowledge that DTC shall treat any Participant having Securities credited to its DTC accounts as entitled to receive distributions (and voting rights, if any) in respect of the Securities, and to receive from DTC certificates evidencing Securities. Issuer and Agent recognize that DTC does not in any way undertake to, and shall not have any responsibility to, monitor or ascertain the compliance of any transactions in the Securities with any of the provisions: (a) of Rule 144A; (b) of other exemptions from registration under the Securities Act or any other state or federal securities laws; or (c) of the offering documents.

Very truly yours,

Received and Accepted
THE DEPOSITORY TRUST COMPANY

By: _____

By: _____
                              Authorized Officer's Signature

                              Ben Turnage   9-10-09
                              Print Name & Date
                              MANAGER

[1] A "Legally Restricted Security" is a security that is a restricted security, as defined in Rule 144(a)(3). A "Contractually Restricted Security" is a security that upon issuance and continually thereafter can only be sold pursuant to Regulation S under the Securities Act, Rule 144A, Rule 144, or in a transaction exempt from the registration requirements of the Securities Act pursuant to Section 4 of the Securities Act and not involving any public offering; provided, however, that once the security is sold pursuant to the provisions of Rule 144, including Rule 144(b)(1), it will thereby cease to be a "Contractually Restricted Security." For purposes of this definition, in order for a depositary receipt to be considered a "Legally or Contractually Restricted Security," the underlying security must also be a "Legally or Contractually Restricted Security."

[2] "Agent" shall be defined as Depositary, Trustee, Trust Company, Transfer Agent or Paying Agent as such definition applies in the DTC Letter of Representations to which this rider may be appended.

DTCC.

The Depository Trust &
Clearing Corporation

144A Rider 06-2009

# The Depository Trust Company
### A subsidiary of the Depository Trust & Clearing Corporation

### Representations for Rule 144A Securities
### to be included in DTC Letter of Representations
*(Additional Signature Page for use with Co-Issuers)*

_D & D Leasing, LLC & Performance Drilling, LLC_

Name of Issuer and Co-Issuer(s)

In signing this Representations for Rule 144A Securities rider dated as of _9-10-09_ .

Co-Issuer agrees to and shall be bound by all "Issuer" representations.

_Performance Drilling, LLC_

Co-Issuer

By: _____
Authorized Officer's Signature

_Ron Turnage     Manager_
Print Name

_9-10-09_
Date

**DTCC.**

The Depository Trust &
Clearing Corporation

144A Rider 06-2009

## EXHIBIT A TO RIDER 144A

$25,955,000
10.50% Debentures,
Senior Series 2009A
And
$7,610,000
16.00% Subordinate Debentures
Series 2009B
("Debentures")
O&G LEASING, LLC
Together with its operating subsidiary, Performance Drilling, LLC
125 South Congress Street
Suite 1610
Jackson, Mississippi 39201

### SENIOR SERIES 2009A TERM DEBENTURE

$4,855,000 10.50% Series 2009A-1 Term Debenture due September 15, 2013 at Par
CUISP:  67084V AJ8

$17,600,000 10.50% Series 2009A-2 Term Debenture due September 15, 2013 at Par
CUSIP: 67084V AK5

$3,500,000 10.50% Series 2009A-3 Term Debenture due September 15, 2013 at Par
CUSIP: 67084V AL3

### SUBORDINATE SERIES 2009B TERM DEBENTURE

$1,110,000 16.00% Series 2009B-1 Term Debenture due September 15, 2013 at Par
CUISP:  67084V AM1

$4,400,000 16.00% Series 2009B-2 Term Debenture due September 15, 2013 at Par
CUISP:  67084V AN9

$2,100,000 16.00% Series 2009B-3 Term Debenture due September 15, 2013 at Par
CUISP:  67084V AP4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 Case |
| ESCADA (USA) INC., | Case No. 09-15008 (SMB) |
| Debtor. | |

**VERIFIED STATEMENT OF THE BANK OF NEW YORK MELLON,
AS INDENTURE TRUSTEE, PURSUANT TO BANKRUPTCY RULE 2019**

1.    The Bank of New York Mellon ("BNYM" or the "Trustee") is a New York banking corporation having an address at 601 Travis Street, 16th Floor, Houston, Texas 77002. The undersigned, J. Chris Matthews, is a Vice President at BNYM and is duly authorized to execute this Verified Statement on behalf of BNYM.

2.    BNYM serves as indenture trustee under that certain Indenture dated as of March 23, 2005, by and among ESCADA AG, as Issuer (the "Issuer" or the "Company"), the Subsidiary Guarantors named therein, including ESCADA (USA) Inc., the Debtor herein (the "Debtor"), The Bank of New York Mellon (formerly The Bank of New York), as Trustee, Registrar, Transfer Agent and Principal Paying Agent, and BNY Financial Services PLC (formerly AIB/BNY Fund Management (Ireland) Limited), as Irish Paying Agent, as the same may have been amended from time to time, including by that certain Supplemental Indenture, dated as of March 22, 2006, among ESCADA AG, as Issuer, BiBA Mode GmbH and BiBA Gesellschaft mit beschränkter Haftung, as additional Subsidiary Guarantors (collectively, the "Indenture"), pursuant to which the Company issued those certain 7.5% Senior Notes due 2012 (the "Notes").

NY01/ 7145479.1

**EXHIBIT
B**

0915008091124000000000004

3.     As of August 14, 2009, the date of the filing of the petition under Chapter 11 of the Bankruptcy Code by ESCADA (USA) Inc., the aggregate principal amount of the outstanding Notes was Two Hundred Million and No/100 Euros (€200,000,000.00).

4.     The Trustee holds such rights as are provided in the Indenture, the Notes and all related documents, agreements and instruments executed and delivered in connection therewith (collectively, the "Documents"). A true and correct copy of the Indenture is attached hereto as Exhibit A.[1]

5.     In accordance with Federal Rule of Bankruptcy Procedure 2019(a), the Trustee submits the following verified statement:

    (a)     The respective names and addresses of the brokers for the beneficial owners of the Notes (who are creditors of the Company and the Subsidiary Guarantors) are maintained by Euroclear Bank SA/NV and Clearstream Banking. The identities of beneficial owners of the Notes may change from time to time, during the course of the proceedings of this case;

    (b)     The claims held by the holders of the Notes and the related guarantees are in the nature of money loaned, all as evidenced by the Notes, the Indenture, and the Documents;

    (c)     As of the date of the filing of the original petition herein, the Company and the Subsidiary Guarantors were and still are indebted pursuant to the Notes and the guarantees in the aggregate principal amount of Two Hundred Million and No/100 Euros (€200,000,000.00), plus pre-petition interest and certain costs and fees, all as provided in the Notes, the Indenture, and the Documents; and

---

[1]     Due to its voluminous nature, a copy of the Exhibit has been filed only with the Clerk of the Court. Any party wishing to obtain a copy of the Exhibit may request same from the Trustee's counsel.

(d)    The Trustee does not own any of the Notes (although the Trustee may hold some Notes as custodian for others who are the beneficial owners) and the Trustee holds only: (i) as Trustee for the benefit of the holders of the Notes and the guarantees, the claims or interests under the Indenture and the Documents; and (ii) the claims for expenses and liabilities incurred by the Trustee under the Indenture and the Documents.

6.    In addition to its rights to take actions in its own name and as trustee of an express trust to collect on the claims of the holders of the Notes or otherwise as provided in the Indenture or by applicable law, the Trustee has claims for reimbursement of reasonable fees and expenses (including reasonable fees and expenses of counsel) for pre- and post-petition services and performance of duties under the Indenture and Documents.

7.    Nothing stated herein is with prejudice to any right or remedy that BNYM may have on behalf of the holders of the Notes or the guarantees or otherwise and all such rights are expressly preserved.

8.    The Trustee reserves the right to supplement or amend this statement at any time in the future.

9.    I, J. Chris Matthews, declare under penalty of perjury that I have read the foregoing statement and that it is true and correct to the best of my knowledge, information and belief.

Dated: November 20, 2009

THE BANK OF NEW YORK MELLON

By: _____
J. Chris Matthews, Vice President
The Bank of New York Mellon
Global Trust – Default Management
601 Travis Street, 16th Floor
Houston, Texas 77002

### UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

IN RE:

**O&G LEASING, LLC**                                        **CASE NO. 10-01851-EE**
                                                            **Jointly Administered**

---

### VERIFIED STATEMENT OF FIRST SECURITY BANK,
### AS TRUSTEE, PURSUANT TO BANKRUPTCY RULE 2019

---

1. First Security Bank, as Trustee ("First Security"), is an Arkansas banking corporation with its principal place of business at 314 S. Spring Street, Searcy, Arkansas 72143. The undersigned Frank Faust is a Senior Vice-President and Trust Officer at First Security and is duly authorized to execute this verified statement on behalf of First Security.

2. First Security serves as trustee and paying agent under the Amended and Restated Trust Indenture dated as of September 15, 2009 (the "Indenture"), by and among O&G Leasing, LLC ("O&G") and Performance Drilling Company, LLC ("Performance Drilling") pursuant to which the Issuer issued those certain debentures identified therein (the "Debentures").

3. As of May 21, 2010, the date of the filing of the Petition of Chapter 11 of the Bankruptcy Code the total amount due on the 2009 Series A Debentures was $29,001,217.71 and the 2009 Subordinated Series B Debentures was $8,953,008.33.

4. Trustee holds such rights as are provided in the Indenture, the Debentures and all related documents, agreements and instruments executed and delivered in connection therewith (collectively, the "Documents"). A true and correct copy of the Indenture is attached hereto as Exhibit A.

5. In accordance with Federal Rule of Bankruptcy Procedure 2019(a), the Trustee submits

```
EXHIBIT
C
```

the following statement:

    a.    The respective names and addresses of the brokers for the beneficial owners of the Debentures (who are creditors of O&G) are maintained by Cede & Co., as nominee of the Depository Trust Company ("DTC"). The identities of beneficial owners of the Debentures may change from time to time, during the course of the proceedings of this case;

    b.    The claims held by the holders of the Debentures are in the nature of money loaned, all evidenced by the Debentures, the Indenture, and the Documents;

    c.    as of the date of the filing of the original petition herein, O&G and PDC were and still are indebted pursuant to the Debentures on the 2009 Series A Debentures of $29,001,217.71 and on the 2009 Series B Subordinate Debentures of $8,933,008.33 plus certain costs and fees all as provided in the Debentures, the Indenture and the Documents;

    d.    The Trustee does not own any of the Debentures (although the Trustee may hold some Debentures as custodian for others who are beneficial owners) and the Trustee holds only (i) as Trustee for the benefit of the holders of the Debentures, the claims or interest under the Indenture and Documents; and (ii) the claims for expenses and liabilities incurred by the Trustee under the Indenture and the Documents.

6. Nothing stated herein is with prejudice to any right or remedy that First Security may have on behalf of the holders of the Debentures or otherwise and all such rights are expressly preserved.

7. The Trustee reserves the right to supplement or amend this statement at anytime in the future.

Dated the 15th day of September, 2010.

FIRST SECURITY BANK, AS TRUSTEE

By: _____
FRANK FAUST

TITLE: Senior Vice-President and Trust Officer

Address:
314 S. Spring Street
Searcy, AR 72143

STATE OF ARKANSAS
COUNTY OF White

## VERIFICATION

Personally came and appeared before me, the undersigned Notary Public, FRANK FAUST,

who declared that he is Senior Vice-President and Trust Officer of FIRST SECURITY BANK, an

Arkansas banking corporation, and who, being first duly sworn, stated that the matters set forth in

this Verified Statement of First Security Bank, as Trustee, Pursuant to Bankruptcy Rule 2019 are true

and correct to the best of his knowledge, information and belief.

_____
Senior Vice-President and Trust Officer

SWORN TO and subscribed before me this 15th day of September, 2010.

_____
NOTARY PUBLIC



My Commission Expires:

3

Submitted by:

PAUL H. STEPHENSON, III (MSB# 7864)
JIM F. SPENCER, JR.(MSB# 7736)
C. JOYCE HALL (MSB# 2123)
WATKINS & EAGER PLLC
Post Office Box 650
Jackson, Mississippi 39205
The Emporium Building
400 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 965-1900
Facsimile:   (601) 965-1901
*pstephenson@watkinseager.com*
*jspencer@watkinseager.com*
*jhall@watkinseager.com*

## CERTIFICATE OF SERVICE

I, Jim F. Spencer, Jr., hereby certify that I have this day caused to be served by electronic mail a true and correct copy of the foregoing document to the following counsel of record:

Douglas C. Noble, Esq.
McCraney Montagnet & Quin, PLLC
602 Steed Road, Suite 200
Ridgeland, MS 39157
dnoble@mmqlaw.com

Ronald H. McAlpin, U.S. Trustee
100 West Capitol Street, Suite 706
Jackson, MS 39269
Ronald.McAlpin@usdoj.gov

E. Stephen Williams, Esq.
Robert L. Holladay, Jr., Esq.
Young Williams, P.A.
210 East Capitol Street
Regions Plaza
Suite 2000
Post Office Box 23059
Jackson, MS 39225-3059
steve.williams@youngwilliams.com
rob.holladay@youngwilliams.com
Ronald.McAlpin@usdoj.gov

This *16* day of *Sept.*, 2010.

/s/ Jim F. Spencer, Jr.
Jim F. Spencer, Jr.

L:\1976\35644\O&G Bankruptcy Documents\Bankruptcy Draft Pleadings\P817.Verified Statement.wpd

4