IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:     BANKRUPTCY PROCEEDING

**O&G LEASING, LLC**     CASE NO. 10-01851 EE

**JOINTLY ADMINISTERED WITH
PERFORMANCE DRILLING COMPANY, LLC
CASE NO. 10-01852 EE**

## ORDER GRANTING MOTION FOR RULE 2004 EXAMINATION - PRODUCTION OF DOCUMENTS AND PROTECTIVE ORDER

THIS MATTER COMES before the Court upon Motion for Rule 2004 Examination - Production of Documents filed by Washington State Bank (Docket No. 268) and Objection filed by the Debtor (Docket No. 272). After reviewing the facts and considering the same, the Court finds that subject to the terms and provisions of this Order, the Motion is well taken and should be granted. The Court finds as follows:

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157, 11 U.S.C. §105 and Rule 2004 of the Federal Rules of Bankruptcy Procedure. This matter is a core proceeding.

2.

On May 21, 2010, O&G Leasing, LLC ("O&G") filed its petition under Chapter 11 of the United States Bankruptcy Code before the United States Bankruptcy Court for the Southern District of Mississippi. O&G has continued its business operations in the Chapter 11 proceeding as Debtor-In-Possession.

3.

On May 21, 2010, Performance Drilling Company, LLC ("Performance") filed its petition under Chapter 11 of the United States Bankruptcy Code before the United States Bankruptcy Court for the Southern District of Mississippi. Performance has continued its business operations in the Chapter 11 proceeding as Debtor-In-Possession.

4.

On May 27, 2010, the Court entered its Order Granting Motion for Joint Administration for the two bankruptcy cases with O&G being the lead case.

5.

Prior to the filing of the bankruptcy petition, on December 5, 2008, O&G executed a promissory note to WSB in the principal amount of $5,250,000.00. The note was secured by Rig #48, related equipment and all revenues from Rig #48.

6.

WSB asserts that as of June 29, 2010, the payoff of the indebtedness was $4,463,557.69 with per diem interest at $991.81282. The Debtors are delinquent and the notes are in default. Since the filing of the bankruptcy petitions, the Debtors have made no payments to WSB.

7.

On November 23, 2010, WSB filed its Motion for Rule 2004 Examination - Production of Documents. Also on November 23, 2010, the Debtor's filed their Objection to WSB's Motion. On December 3, 2010, Thomas Norris filed a Concurrence with WSB's Motion.

8.

WSB wishes to fully investigate and evaluate information regarding the Debtor's assets, income and expenses. WSB requests the Court to enter an Order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, which compels O&G Leasing, LLC and Performance

Drilling Company, LLC to produce documentary evidence which is related to assets, income and expenses. WSB requests the Court to compel O&G Leasing, LLC and Performance Drilling Company, LLC to produce the following documents:

The term "document", whether singular or plural, shall mean any writing (whether handwritten, typed, printed, or otherwise made), drawing, graph, chart, model, photograph, files, computer data storage, media, disc, or other data compilations from which information can be obtained (translated if necessary through detection devises in a reasonably usable form), however produced or reproduced, of any kind or description, whether sent, received, or neither, and shall include, without limiting the generality of the foregoing, originals, copies, and drafts of all correspondence, telegraphs, teletypes, cables, telecopies, facsimiles, agreements, contracts, studies, reports, memoranda, electronic recordings, video and audio recordings, minutes, journal entries, diaries, appointment books, manuals, articles, books, manuals, articles, books, calendars, electronic or otherwise, notes and notations (whether separate or added to another document), work papers, book accounts, ledgers, receipts, transcripts, media clippings, affidavits, summaries, opinions, lists, tabulations, statements, interviews, depositions, transcripts, sketches, pamphlets, brochures, advertisements, financial reports or summaries, and all other writings of any kind, and information stored on other data storage or processing equipment, including, but not limited to typewritings, tape recordings, microfilm, or microfiche, which are or were in your possession, custody or control or known by you to exist or have existed and any copy or other reproduction of any such document or documents.

    A)    All contracts and/or leases on any and all rigs for the period of January 1, 2010 to date;

    B)    Any documents that reflect the rates for the use on any and all rigs for the period of January 1, 2010 to date;

C) Any documents that reflect the history and usage of any and all rigs for the period of January 1, 2009 to date;

D) Any appraisals on any and all rigs; and

E) Any documents related to the claim and/or account receivable against Zenergy.

9.

WSB requests the Court to compel O&G Leasing, LLC and Performance Drilling Company, LLC to produce said documentation within twenty-one (21) days of the entry of an Order.

10.

This matter was brought before the Court for hearing on December 7, 2010.

THEREFORE, IT IS ORDERED that subject to the terms and provisions of this Order, Washington State Bank's Motion for Rule 2004 Examination - Production of Documents is hereby granted.

IT IS FURTHER ORDERED that O&G Leasing, LLC and Performance Drilling Company, LLC are hereby ordered and compelled to produce the following documents to Washington State Bank:

The term "document", whether singular or plural, shall mean any writing (whether handwritten, typed, printed, or otherwise made), drawing, graph, chart, model, photograph, files, computer data storage, media, disc, or other data compilations from which information can be obtained (translated if necessary through detection devises in a reasonably usable form), however produced or reproduced, of any kind or description, whether sent, received, or neither, and shall include, without limiting the generality of the foregoing, originals, copies, and drafts of

all correspondence, telegraphs, teletypes, cables, telecopies, facsimiles, agreements, contracts, studies, reports, memoranda, electronic recordings, video and audio recordings, minutes, journal entries, diaries, appointment books, manuals, articles, books, manuals, articles, books, calendars, electronic or otherwise, notes and notations (whether separate or added to another document), work papers, book accounts, ledgers, receipts, transcripts, media clippings, affidavits, summaries, opinions, lists, tabulations, statements, interviews, depositions, transcripts, sketches, pamphlets, brochures, advertisements, financial reports or summaries, and all other writings of any kind, and information stored on other data storage or processing equipment, including, but not limited to typewritings, tape recordings, microfilm, or microfiche, which are or were in your possession, custody or control or known by you to exist or have existed and any copy or other reproduction of any such document or documents.

    A)      All contracts and/or leases on any and all rigs for the period of January 1, 2010 to date;

    B)      Any documents that reflect the rates for the use on any and all rigs for the period of January 1, 2010 to date;

    C)      Any documents that reflect the history and usage of any and all rigs for the period of January 1, 2009 to date;

    D)      Any appraisals on any and all rigs; and

    E)      Any documents related to the claim and/or account receivable against Zenergy.

O&G Leasing, LLC and Performance Drilling Company, LLC are ordered to produce said documentation within twenty-one (21) days of the entry of this Order at a time and place agreed to by the parties.

IT IS FURTHER ORDERED that all documentation and information produced by O&G Leasing, LLC and Performance Drilling Company, LLC shall be restricted and protected as

confidential pursuant to the restrictions contained in Exhibit "1" attached hereto.

SO ORDERED.

Approved by:

*/s/ Derek A. Henderson*

DEREK A. HENDERSON, MSB #2260
ATTORNEY FOR WASHINGTON STATE BANK
111 East Capitol Street, Suite 455
Jackson, Mississippi 39201
(601) 948-3167
d_henderson@bellsouth.net

*/s/ Douglas C. Noble*

DOUGLAS C. NOBLE, MSB #10526
ATTORNEY FOR THE DEBTORS
McCraney, Montagnet & Quinn
602 Steed Rd, Ste 200
Ridgeland, MS 39157
(601) 707-5725
dnoble@mmqlaw.com

# EXHIBIT "1"

**IN RE:**  BANKRUPTCY PROCEEDING

**O&G LEASING, LLC**  CASE NO. 10-01851 EE

**JOINTLY ADMINISTERED WITH
PERFORMANCE DRILLING COMPANY, LLC
CASE NO. 10-01852 EE**

## EXHIBIT "1" TO ORDER GRANTING MOTION FOR RULE 2004 EXAMINATION - PRODUCTION OF DOCUMENTS AND PROTECTIVE ORDER

The following restrictions shall apply:

1. The provisions of the Court's Order governs the disclosure and use of confidential information, trade secrets, and/or proprietary or protected information exchanged or produced between and among interested parties in these reorganization proceedings and any documents constituting or evidencing same ("Confidential Information").

2. Counsel for any interested party may designate documents, interrogatory answers, admissions, or other information (including but not limited to information contained on or in computer discs, diskettes, CDs, tapes, chips and cassettes) and testimony that they regard as Confidential Information by either marking them "CONFIDENTIAL" on their face or cover, by so designating them in writing to opposing counsel within a reasonable time during or after production.

3. As to deposition or examination testimony, by designating the testimony orally at deposition or examination as Confidential or designating the testimony as Confidential within seven (7) days of receipt of the transcript.

4. No person shall designate any material as protected absent a good faith belief that the material is within the intended scope of the Court's Order.

5. Any information or testimony designated as "Confidential" shall be treated as protected under the terms of the Court's Order unless and until otherwise agreed between or among the parties in writing or as otherwise ordered by this Court.

6. Information designated as "Confidential" shall include nonpublic material that contains confidential commercial information, financial information, trade secrets, proprietary business information, personally identifiable information and/or information restricted by law or regulation from public disclosure. The production of any "Confidential" documents or information by a party shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality which it may have.

7. "Confidential" materials shall be maintained in confidence by the party to whom such materials are produced and used solely in connection with the above-captioned proceedings and shall not be disclosed to any person except:

    a. the parties themselves (including any officer, director, partner, member or employee thereof) and their legal counsel, including counsel's office attorneys, paralegals and clerical employees; provided that each such party, its attorney or its attorney's paralegal or clerical employee has been advised in accordance with paragraph 9 below;

    b. in-house counsel;

    c. a deponent or witness in these proceedings, during the course of examination, provided that any such deponent or witness has signed an undertaking in the form of Exhibit "A" hereto and evidence of the same has been provided to the party whose Confidential Information was disclosed; except that the deponent or witness need not sign an undertaking in the form of Exhibit A if the party wishing to use "Confidential" material can show that the deponent or witness was the author or recipient of the "Confidential" material;

   d. any outside experts or consultants used or retained in connection with the above-referenced action to the extent deemed necessary by counsel to aid in the evaluation, prosecution, defense or settlement of any matter in these reorganization proceedings, provided that any such expert or consultants has signed an undertaking in the form of Exhibit A hereto and evidence of the same has been provided to the party whose Confidential Information was disclosed;

   e. a third party for the limited purpose of copying documents or providing messenger service for documents to the extent reasonably necessary for use in preparation for and participation in trial of and proceedings in this case. Documents in the possession of such third parties shall be deemed to be in the constructive possession of counsel releasing the documents, who shall remain responsible for assuring compliance with the Protective Order while the documents are in the possession of such third parties; and

   f. any law enforcement personnel, or any professional, administrative, or regulatory body having disciplinary or regulatory oversight of any party, including but not limited to bank auditors.

  8. Neither the designation by a party of any document, information or testimony as "Confidential" hereunder, nor its receipt by the other party, shall constitute a concession that the document or information is, in fact, confidential. If a party disagrees with the opposing party's designation of any documents or testimony as Confidential Information, the disagreeing party may challenge such designation in writing to the other party, and if the parties are unable to agree within five (5) business days, may then file a motion with this Court challenging the designation. This procedure shall in no way alter the burden on the party claiming protection to prove its entitlement to the claimed protection. Until the Court rules on whether the materials in question are properly designated, all documents, information and testimony designated as such shall be treated as though

they are confidential and shall be subject to the provisions of the Court's Order. None of the parties shall be obligated to challenge the propriety of a confidential designation, and such failure to do so shall not preclude a subsequent challenge as to the propriety of such designation. Nothing in the Court's Order shall preclude a designating party from withdrawing a confidential designation.

9. Confidential Information shall be used solely for the purposes relating to these reorganization proceedings, including in investigating, prosecuting, defending or settling any contested matter or adversary proceeding, in testimony and exhibits at hearings and/or appeals thereon or therefrom, or in connection with motions, depositions, examinations or witness preparation, all subject to the restrictions of the Court's Order, but such use shall not include, *inter alia*, use for or in connection with any commercial or business activity, or for purposes of publicity.

10. Confidential Information, including all copies, shall be returned to counsel for the party providing it or destroyed once the case has finally terminated, including any time for appeal, whichever occurs last, along with a statement by counsel that all such information has been returned or destroyed and all notes, copies or extracts containing such information have been destroyed, except that counsel for each party may retain one (1) copy of any pleadings or other materials constituting Confidential Information and filed with the Court or which may be needed by any party for their records.

11. Confidential Information may also be introduced as evidence subject to the following procedures for submission to the Court. Counsel intending to offer Confidential Information to the Court as evidence or otherwise shall ensure that, before disclosing Confidential Information to any person other than the Court, such person is first provided with a copy of this Order and agrees to be bound by it. Appropriate courtroom procedures for confidentiality shall be implemented and followed in open proceedings in which Confidential Information is to be used.

12. Inadvertent disclosure of Confidential Information, without then designating it as such, shall be without prejudice to any claim that the material is Confidential Information, and no party shall be held to have waived any rights to the future treatment of such material as Confidential Information by such inadvertent disclosure unless the Court determines otherwise. Any Confidential Information subjected to a subsequent claim that it is Confidential Information shall, after notice to the other party or parties of the claim that it is Confidential Information, be treated as such pursuant to the terms of the Court's Order. A document produced by both parties that has been designated Confidential by only one party shall be kept Confidential under the terms hereof; provided, however, that with respect to such documents forwarded by one party to the other party during the normal course of their business dealings with one another in the context of the parties' relationship shall not be subject to the provisions of Paragraph 10 hereof.

13. Notwithstanding any of the non-disclosure obligations set forth in the Court's Order, such obligations shall not extend to any information or documents required to be produced by subpoena, court order, a regulatory agency, or otherwise by law. The party receiving Confidential Information agrees to notify the disclosing party promptly of the happening of any one of the following events: (a) a request by anyone to examine, inspect or copy any documents produced pursuant to the Court's Order; and (b) any attempt to serve, or the actual service of, any court order, subpoena, summons or other request for production of such documents. The disclosing party then shall have the right, but not the obligation, to oppose the production of Confidential Information in response thereto.

14. Nothing in the Court's Order shall be deemed to preclude any party from seeking such additional protection with respect to Confidential Information as the party may deem appropriate.

15. After the conclusion of these proceedings, the Court's Order shall continue to be

binding upon all interested parties and upon all persons to whom Confidential Information has been disclosed or communicated, and the Court shall retain jurisdiction over such parties and persons for enforcement of the provisions of said Order.

## EXHIBIT "A"

## ACKNOWLEDGMENT OF AND AGREEMENT BY ORDER GRANTING MOTION FOR RULE 2004 EXAMINATION - PRODUCTION OF DOCUMENTS AND <u>PROTECTIVE ORDER</u>

The undersigned acknowledges that he or she has received a copy of the Order Granting Motion for Rule 2004 Examination - Production of Documents and Protective Order entered on January ___, 2011, in the case captioned, In re: O&G Leasing, LLC, et al., Case No. 10-01851 EE, Chapter 11, Jointly Administered, has thoroughly reviewed the terms of the Order, and agrees to comply with and to be bound by the terms of the Order upon signing below.

_____
Signature

_____
Printed Name

_____
Date