IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| In re: | Adv. Proc. No. 10-00054-EE |
| O&G LEASING, LLC, *et al.* | Case No. 10-01851 EE<br>Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER REFERRING CASE AND ADVERSARY PROCEEDING TO MEDIATION, APPOINTING MEDIATOR, AND ESTABLISHING MEDIATION PROCEDURES**

This matter is before the Court on the joint motion *ore tenus* of the debtors O&G Leasing, LLC and Performance Drilling Company, LLC (the "**Debtors**"), First Security Bank, as Trustee ("**First Security**") and Washington State Bank ("**WSB**") requesting that the Court order that these jointly administered chapter 11 cases-in-chief (the "**Case**") and the consolidated Adversary Proceeding No. 10-00054 (the "**Adversary Proceeding**") be referred to mediation. The Court, being fully advised in the premises, finds that mediation is in the best interests of the estate and creditors at this time. This Court is authorized to refer these proceedings to mediation by 11 U.S.C. § 105(a), 28 U.S.C. § 651(b), and Federal Rules of Civil Procedure 16(e)(1) and (9) as incorporated by Federal Rule of Bankruptcy Procedure 7016, and Mississippi Bankruptcy Local Rule 9019-1. The Court finds that the joint motion is well taken, that the parties have agreed to engage in the mediation process and that the Case and Adversary Proceeding hereby referred are appropriate for referral to mediation.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1) The Case and the Adversary Proceeding are referred to mediation at the request of the parties.

2) Honorable David W. Houston, III, Chief Judge, United States Bankruptcy Court for the Northern District of Mississippi, has agreed to serve and is hereby appointed as the mediator (the "**Mediator**").  As the Mediator, Judge Houston shall be entitled to the protections of the doctrine of arbitral immunity and all other immunities and protections that the law accords to persons serving in a quasi-judicial capacity.

3) The mediation conference ("**Mediation Conference**") shall be held on March 23 and 24, 2011, commencing at 9:00 a.m. at the Thad Cochran United States Bankruptcy Courthouse in Aberdeen, Mississippi, subject to modification approved by the Mediator, provided that the mediation shall be completed by May 1, 2011.

4) The mediation procedures of Miss. L.R. 9019-1 shall apply, as supplemented below (the "**Mediation Procedures**"), and the mediation shall be conducted in accordance with such procedures:

   a) Each party must submit a confidential position paper to the mediator by March 11, 2011.  The position paper shall be limited in length to five (5) pages, double-spaced, and may be accompanied by exhibits.  Position papers are confidential and should not be served on other parties.  The purpose of the position papers is to help the Mediator become familiar with the assertions of the parties.  The parties may agree to the submission of additional information if they believe the information will facilitate the Mediation Conference.

   b) The following persons shall be physically present at the entire Mediation Conference unless excused by the Court or the Mediator:

      i. Each individual person named as a party;

      ii.      An officer, manager, or director of a corporate or entity party, such representative to have full authority to negotiate on behalf of the party and to recommend approval of settlement; and

      iii.      At least one attorney of record for each represented party.

c) Upon reaching a settlement agreement through mediation, the parties shall promptly reduce the agreement to writing and prepare the appropriate papers for presentation to the Court. It is understood that First Security, as trustee, must obtain approval of any proposed settlement from the debenture owners pursuant to the provisions of the Amended and Restated Trust Indenture Dated September 15, 2009 by and between First Security Bank and O&G Leasing, LLC.

d) The Mediator is authorized to exercise control over the mediation and to direct all proceedings therein. The Mediator is specifically authorized to meet or consult privately with any party or their counsel during the Mediation Conference. The Mediator may report in writing to the Court, with copies to the parties, any conduct of any party that may be in violation of the Mediation Procedures.

e) The Mediator may recess, adjourn or suspend the Mediation Conference at any time and set a schedule for reconvening. The Mediator will determine if an impasse has been reached, or if mediation should for any reason be terminated, and then inform the parties that mediation is terminated.

f) The Mediator may modify the Mediation Procedures described in this Order.

g) If a person fails to attend a Mediation Conference without good cause, the Court may impose on that person (or any associated party) any lawful sanction,

including but not limited to the costs of attorneys' fees and expenses of persons incurred in attending the Mediation Conference.

    h) Except upon the mutual consent of the parties, all communications in the Mediation Conference are confidential and shall not be discoverable or admissible in any proceeding and shall not be communicated to a judicial officer exercising jurisdiction over the Case or the Adversary Proceeding while either case is pending.

5) The parties are authorized to take all steps necessary or appropriate to implement the Mediation Procedures.

6) The following deadlines in the Case are hereby suspended:

    a) The Debtors' rights of exclusivity under § 1121 of the Bankruptcy Code, previously set to expire on March 1, 2011, pursuant to the Court's *Order Granting Second Motion Pursuant to § 1121(d) for Extension of Exclusivity Periods* [Dkt #344] shall not expire on said date, and the Debtors shall have thirty (30) days from the date of completion of the mediation, absent agreement of the parties hereto, to file a plan and disclosure statement.

    b) The Debtors response to First Security's *Motion to Appoint Trustee or Examiner for Debtors O&G Leasing, LLC and Performance Drilling Company, LLC* [Dkt #331] is hereby suspended, as is the preliminary hearing thereon scheduled for February 15, 2010. The Court shall immediately reset this motion for hearing and establish a new response deadline upon completion of the mediation.

    c) The February 24, 2011, hearing on WSB's *Motion for Abandonment and Request for Termination of Section 362 Automatic Stay, or in the Alternative, Motion for*

4

*Adequate Protection* [Dkt #142], First Security's *Response* [Dkt #178] and the Debtors' *Response* [Dkt #179] thereto is cancelled and shall be reset immediately upon completion of the mediation.

d) All discovery and case management deadlines in the Adversary Proceeding are suspended, and an amended scheduling order shall be entered by the Court immediately upon completion of the mediation.

e) All pending examinations pursuant to Rule 2004 shall be suspended until completion of the mediation.

f) The deadline for removal of civil claims and causes of action previously set to expire on February 15, 2011, pursuant to the Court's *Order Granting Second Motion to Extend Deadline for Removal of Civil Claims and Causes of Action* [Dkt #294] shall not expire on said date, and the Debtors shall have thirty (30) days from the date of completion of the mediation, absent agreement of the parties hereto, to request further extensions of such deadline.

g) Any other deadlines that are not specifically referenced herein or that arise or come due prior to completion of the mediation shall also be suspended until thirty (30) days after the mediation is complete.

7) The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

8) This order shall be entered on the dockets of the Case and the Adversary Proceeding.

SO ORDERED.

Edward Ellington
United States Bankruptcy Judge
Dated: February 10, 2011

Approved as to form:

/s/ *Jim F. Spencer, Jr.*
Jim F. Spencer, Jr
Counsel for First Security Bank, As Trustee

/s/ *Derek A. Henderson*
Derek A. Henderson
Counsel for Washington State Bank

/s/ *Douglas C. Noble*
Douglas C. Noble
Counsel for O&G Leasing, LLC and
Performance Drilling Company, LLC

Order submitted by:

Douglas C. Noble, MS Bar No. 10526
**McCraney, Montagnet & Quin, PLLC**
602 Steed Road • Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 707-5725
Email: dnoble@mmqlaw.com