**Exhibit 6 to Disclosure Statement**

*Motion to Approve Employment of Voting Agent and Solicitation Procedures* [Dkt #___]
*Order Approving Employment of Voting Agent and Solicitation Procedures* [Dkt #___]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| O&G LEASING, LLC, *et al.* | ) | Case No. 10-01851 EE |
| | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

### MOTION TO APPROVE EMPLOYMENT OF VOTING AGENT AND SOLICITATION PROCEDURES

COME NOW the above captioned debtors and debtors-in-possession ("**Debtors**") in these jointly administered reorganization proceedings and file their *Motion to Approve Employment of Voting Agent and Solicitation Procedures* (the "**Motion**") in aid of the solicitation process to be undertaken in connection with solicitation of acceptances of plans of reorganization in these jointly administered cases. In support of this Motion, the Debtors show as follows:

1.      Debtors filed with this Court their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on May 21, 2010 ("**Petition Date**") and are operating as debtors-in-possession pursuant to §§ 1107 and 1108 thereof. No trustees or committees have been appointed as of the filing of this motion.

2.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of these cases is proper in this Court pursuant to 28 U.S.C. § 1408. The relief requested in this Motion is sought pursuant to §§ 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018.

3.      The Debtors filed their *Plan of Reorganization* [Dkt #__] (the "**Plan**") and an accompanying *Disclosure Statement* [Dkt #__] (the "**Disclosure Statement**") for which approval is being sought pursuant to § 1125 of the Bankruptcy Code.

1

## INTRODUCTION

4.      This Motion requests implementation of a mechanism and procedures for administering the solicitation process in these cases, applicable to any party filing a plan in these cases.

5.      The relief requested herein is necessary given that the majority of the creditors in this case, in both number and amount, are the holders of debentures issued by debtor O&G Leasing, LLC in 2009 (the "**Debentures**") and require specialized knowledge and procedures to properly and effectively administer the solicitation of such holders.

6.      As the Court is well aware through protracted (and never resolved) Rule 2019 litigation, the Debtors do not know the identity of any such holders – whether actual, beneficial or otherwise – at any level sufficient to enable them to effectively solicit acceptances or to know with any certainty that acceptances have been solicited properly.  First Security Bank, as indenture trustee ("**First Security**"), has likewise repeatedly and emphatically asserted its lack of knowledge or ability to make such a determination.[1]

7.      Therefore, such circumstances make it critical for all interested parties and the Court to ensure the accuracy and integrity of plan solicitation for the benefit of the estate and the entire process.

8.      Employment by the estate of BMC Group, Inc. ("**BMC**"), a highly specialized and qualified bankruptcy services company, will ensure that the solicitation process is performed correctly, accurately and with veracity.  BMC's expertise and familiarity with such processes will also streamline the process and ensure that it is handled in the most efficient manner.

---

[1] This is true even though First Security has produced documents that contain the redacted names of these holders and correspondence that reveals that it solicited acceptance of the 2009 exchange directly from the holders and/or their brokers.

9.    Implementation of specific solicitation procedures will also provide parameters and certainty to and will enable both BMC and the plan proponent to efficiently and effectively administer the process.

## EMPLOYMENT OF VOTING AGENT

10.    In order to facilitate plan solicitation in support of any plan filed in this case, the Debtors propose engagement by the estates of BMC.  BMC is skilled and familiar with all aspects of dealing with the securities and intermediaries involved in this case and will provide valuable assistance to facilitate both the solicitation process and, if confirmed and consummated, cancellation of the 2009 Debentures and implementing the Plan.

11.    Accordingly, the Debtors propose that BMC be engaged to act as the voting agent in this case and to handle all aspects of the solicitation and balloting process for <u>any</u> chapter 11 plan, including the Debtors' present Plan.

12.    As a specialist in legal administration services, BMC provides comprehensive solutions to design legal notice programs, manage claims issues for chapter 11 cases and to effectively and efficiently oversee the solicitation process.  BMC has provided or currently provides services substantially similar to those proposed by this Motion in other chapter 11 cases in a variety of jurisdictions and has been engaged in a similar capacity in prior proceedings in this Court.

13.    Subject to further order of the Court and consistent with that certain retention agreement dated as of May 4, 2011 (the "**BMC Agreement**"), a copy of which is annexed as <u>Exhibit "A"</u> attached hereto, the Debtors request the employment and retention of BMC, *nunc pro tunc,* to provide balloting and solicitation services.

14.    The fees BMC will charge in connection with its services and that will be paid by the estate are as set forth in the BMC Agreement.  The Debtors respectfully submit that BMC's

3

rates for providing balloting services are competitive and comparable to the rates BMC's competitors charge for similar services.

15.     The Debtors do not propose to retain BMC under § 327 of the Bankruptcy Code. Nonetheless, to the best of BMC's knowledge, and as disclosed in the Declaration of Kevin Martin, Director in the Restructuring and Bankruptcy Services division of BMC, annexed hereto as Exhibit "B", BMC (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, and (b) does not hold or represent an interest adverse to the Debtors' estates.

16.     BMC will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new facts or relationships are discovered, BMC will supplement its disclosure to the Court.

17.     The Debtors respectfully submit that the fees and expenses that would be incurred by BMC under the proposed engagement would be administrative in nature and, therefore, should not be subject to standard fee application procedures of professionals.  Compensation by the estate in this manner is consistent with BMC's normal custom and practice in courts throughout the country in other chapter 11 cases.

18.     Subject to the BMC Agreement and terms of the order granting this Motion, BMC will be available to perform or assist with related advice and/or services needed or requested by a plan proponent.

## SOLICITATION PROCEDURES

19.     To streamline and simplify the solicitation process, the Debtors request that the following procedures be approved, including approval of form ballots, procedures for balloting/voting by the holders of Debentures, tabulation rules and establishment of a record date for these holders.

## I.    Approval of Form of Ballot

20.    Bankruptcy Rule 3017(d) requires the Debtors to mail a form of ballot that substantially conforms to Official Form No. 14 only to "creditors and equity security holders entitled to vote on the plan." Fed.R.Bankr.P. 3017(d). The Debtors propose to distribute to creditors entitled to vote on the Plan one or more ballots substantially in the forms attached hereto collectively as Exhibit "C" and incorporated herein by reference (collectively, the "**Ballots**"). The Ballots are based on Official Form No. 14, but have been modified to address the particular terms of the Plan. The Debtors propose that the appropriate form of Ballot will be distributed to holders of Claims and Interests in the classes entitled to vote to accept or reject the Plan, as follows (terms defined below):

| | |
|---|---|
| Ballot No. 1 | Ballot for Classes 1, 3, 4 and 6<br>(returned to BMC as voting agent) |
| Ballot No. 2A | Individual Ballot for Individual Holders of Class 2 Claims<br>(returned by Individual Holders to BMC as voting agent) |
| Ballot No. 2B | Individual Ballot for Beneficial Owners of Class 2 Claims<br>(returned by Beneficial Holders to a Master Ballot Agent) |
| Ballot No. 2C | Master Ballots for Master Ballot Agent for Class 2 Claims<br>(returned by Master Ballot Agent to BMC as voting agent) |
| Ballot No. 5A | Individual Ballot for Individual Holders of Class 5 Claims<br>(returned by Individual Holders to BMC as voting agent) |
| Ballot No. 5B | Individual Ballot for Beneficial Owners of Class 5 Claims<br>(returned by Beneficial Holders to a Master Ballot Agent) |
| Ballot No. 5C | Master Ballots for Master Ballot Agent for Class 5 Claims<br>(returned by Master Ballot Agent to BMC as voting agent) |

## II.    Procedures for Holders of Debentures

21.    The holders of Claims in Classes 2 and 5 hold such Claims on account of ownership of the following Debentures (a) $25,955,000 of 10.50% Senior Series 2009A

Debentures, due September 15, 2013, and/or (b) $7,610,000 of 16.00% Subordinate Series 2009B Debentures, also due September 15, 2013.

22.    Certain holders of Debentures are the beneficial owners and hold Debentures in their own name as a matter of record (rather than in street name as a Master Ballot Agent for Beneficial Owners, both as defined below) (an "**Individual Holder**"). Individual Holders shall receive an Individual Ballot (Ballot No. 2A and/or 5A, as applicable), and each Individual Holder shall complete and return the Individual Ballot to BMC as voting agent.

23.    Certain beneficial owners hold Debentures through brokers, banks, dealers or other agents or nominees (each, a "**Master Ballot Agent**"). As more fully described herein, the Debtors request approval consistent with Bankruptcy Rule 3017(e) of the proposed procedures for solicitation of votes on the Plan, including with respect to solicitation in connection with any other plan of reorganization that may be filed herein by any other interested party, the Debentures Solicitation Procedures defined in ¶ 32 below and in Exhibit "D" hereto (collectively, the "**Solicitation Procedures**"). Each Master Ballot Agent will receive both (a) a Master Ballot to be completed by the Master Ballot Agent and (b) Individual Ballots (Ballot No. 2B and/or 5B, as applicable) to be completed by the beneficial owners of the Debentures for whom the Master Ballot Agent provides services (collectively, the "**Beneficial Owners**"). Each Master Ballot Agent will make arrangements to distribute Individual Ballots to the applicable Beneficial Owners, who will complete and return the Individual Ballots to the applicable Master Ballot Agent. The Master Ballot Agent then will (a) tally on the Master Ballot the votes of the Beneficial Owners that return Individual Ballots and (b) return the completed Master Ballot to BMC as voting agent at the address or facsimile number identified on the applicable Ballot.

24.    Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of [a] disclosure statement, the Court shall fix a time within which the holders of claims and interests may accept or reject [a] plan . . . ." Fed. R. Bankr. P. 3017(c).  The Debtors propose that, to be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed and delivered to BMC either (a) by mail in the return envelope provided with each Ballot, (b) by overnight courier or (c) by personal delivery so that, in each case, all Ballots are received by BMC no later than 5:00 p.m. on a date to be established by the Debtors (or other plan proponent, if applicable) that is at least twenty eight (28) days after the commencement of the solicitation period in accordance with Exhibit "D" (the "**Voting Deadline**").  In addition, to accommodate the additional tabulation activities that must be performed by Master Ballot Agents, the Debtors further propose that Master Ballots, if necessary, may be submitted by facsimile so that they are received by BMC prior to the Voting Deadline.  Except as set forth in the preceding sentence, no Ballots may be submitted by facsimile or electronic mail, and any Ballots submitted by facsimile or electronic mail will neither be accepted nor counted.

25.    The Debtors submit that the foregoing proposed solicitation period provides sufficient time for creditors to make informed decisions to accept or reject the Plan and timely complete and submit Ballots.

### III.    Tabulation Rules

26.    Solely for purposes of voting to accept or reject the Plan — and not for the purpose of the allowance of, or distribution on account of, any claim or interest and without prejudice to the rights of the Debtors in any other context — the Debtors propose that each Claim within a class of Claims, or Interest within a class of Interests, entitled to vote to accept or reject the Plan be temporarily allowed in accordance with the following proposed tabulation rules (collectively, the "**Tabulation Rules**"):

A.   If a Claim is deemed allowed in accordance with the Plan, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth in the Plan.

B.   If a Claim for which a proof of Claim has been timely filed is (i) marked or identified as contingent or unliquidated on its face and/or (ii) does not otherwise specify a fixed or liquidated amount, such contingent or unliquidated Claim will be temporarily allowed for voting purposes in the amount of $1.00.

C.   If a Claim is (i) either (a) not listed in the Schedules or (b) listed in the Schedules as contingent, unliquidated or disputed and (ii) a proof of Claim was not timely filed or deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline, unless the Debtors have provided otherwise in the Plan or consented otherwise in writing, such Claim will be disallowed for voting purposes pursuant to Bankruptcy Rule 3003(c)(2).[2]

D.   If the Debtors have filed and served an objection to a Claim at least ten (10) days before the Voting Deadline, such Claim will be temporarily allowed or disallowed for voting purposes in accordance with the relief sought in the objection.  If an objection does not identify the proposed amount of a Claim (*e.g.*, if the Claim remains subject to estimation or liquidation), then such Claim will be temporarily allowed in the amount of $1.00.

E.   With respect to Debentures, the amounts of such Claims for voting purposes will be the lesser of: (i) the amounts provided on a Record Holder Register (as such term is defined in Exhibit "D" to the Motion) or Master Ballot Register (as such term is defined in Exhibit "D" to the Motion), as applicable; or (ii) the amounts identified by an Individual Holder in an Individual Ballot or by a Master Ballot Agent on a Master Ballot, in each case calculated in accordance with the terms of Exhibit "D".

F.   If a Claim holder identifies a Claim amount on its Ballot that is less than the amount otherwise calculated in accordance with the Tabulation Rules, the Claim will be temporarily allowed for voting purposes in the lesser amount identified on such Ballot.

27.   In tabulating the Ballots, the Debtors request that the following procedures be

utilized:  (a) any Ballot that is properly completed, executed and timely returned to BMC but

does not indicate an acceptance or rejection of the Plan, or indicates both an acceptance and

---

[2]    Bankruptcy Rule 3003(c)(2) provides that "[a]ny creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."

rejection of the Plan, will be counted as a vote to accept the Plan; (b) if a creditor casts more than one Ballot voting the same Claim or Interest before the Voting Deadline, the latest dated properly executed Ballot received before the Voting Deadline will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots;  (c) creditors will be required to vote all of their Claims or Interests, as the case may be, within a particular class under the Plan either to accept or reject the Plan and may not split their votes; and (d) where any portion of a single Claim has been transferred to a transferee, all holders of any portion of such single Claim will be (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein) and (ii) required to vote every portion of such Claim collectively to either accept or reject the Plan.

28.     The Debtors believe that the proposed Tabulation Rules will establish a fair and equitable voting process.  Nevertheless, if any claimant seeks different treatment of its Claim or Interest for voting purposes, other than in accordance with the Tabulation Rules, the Debtors propose that such claimant be required to file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such Claim or Interest in a different amount or classification for purposes of voting to accept or reject the Plan (a "**Rule 3018 Motion**") and serve such motion on Debtors' counsel so that it is received by the later of (x) ten (10) days prior to the Voting Deadline or (y) ten (10) days after the date of service of a notice of objection, if any, to the applicable Claim or Interest.  In accordance with Bankruptcy Rule 3018, the Debtors further propose that any Ballot submitted by a claimant that files a Rule 3018 Motion will be counted solely in accordance with the Debtors' proposed Tabulation Rules and the other applicable provisions contained herein unless and until the underlying Claim or Interest is temporarily allowed by order of the Court for voting purposes in a different amount and/or classification,

9

after notice and a hearing. The Debtors also reserve the right to seek estimation of a Claim for voting purposes after notice and a hearing.

### IV.    Establishing Record Date

29.    Bankruptcy Rule 3017(d) provides that the "date [an] order approving the disclosure statement is entered, or another date fixed by the court," is the record date for determining the "holders of stock, bonds, debentures, notes, and other securities" entitled to receive the materials specified in Bankruptcy Rule 3017(d), including ballots for voting on a plan. *See* Fed.R.Bankr.P. 3017(d). In accordance with the rules cited above, the record date is typically the date that an order approving the disclosure statement is entered. The record holders of a debtor's public securities, however, generally require advance notice to enable those responsible for assembling ownership lists of that debtor's public securities to compile a list of holders as of a date certain; accurate lists often cannot be prepared retroactively.

30.    Accordingly, to permit solicitation of a plan to begin promptly after approval of this Motion, the Debtors propose that the Court, pursuant to Bankruptcy Rule 3017(d), establish a record date that is at least seven (7) days prior to the date that Solicitation Packages are to be distributed for purposes of determining which creditors and equity security holders are entitled to receive Solicitation Packages and, where applicable, vote on the Plan (the "**Record Date**").

31.    With respect to a transferred Claim, the Debtors further propose that the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of such transferred Claim only if (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed prior to the Record Date or (b) the transferee files by the Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

32.    The therefore Debtors request that the Court approve the special procedures attached hereto as Exhibit "D" (collectively, the "**Solicitation Procedures**") for the distribution of Solicitation Packages and tabulation of votes with respect to the Holders.

## CONCLUSION

33.    The Debtors submit that employment by the estates of BMC to administer and implement solicitation and voting in these cases ensures that the process will be undertaken properly, expediently, and with the expertise required.  Approval of the form Ballots, the Tabulation Rules and Solicitation Procedures further provides helpful parameters to ensure that the process of solicitation and tabulation of votes in these cases is performed in an orderly manner.

WHEREFORE, Debtors respectfully request that the Court approve employment of BMC as the voting agent authorized to conduct and oversee the solicitation and balloting process with respect to any plan of reorganization sought to be confirmed; the form of the Ballots; the Solicitation Procedures and Tabulation Rules; and for such other relief as is just and appropriate.

THIS the 1st day of July, 2011.

Respectfully submitted,

**O&G LEASING, LLC,** *et al.*

By:  /s/ *Douglas C. Noble*

Douglas C. Noble, MS Bar No. 10526
**McCraney, Montagnet & Quin, PLLC**
602 Steed Road • Suite 200
Ridgeland, Mississippi 39157
Telephone:  (601) 707-5725
Facsimile:  (601) 510-2939
Email:  dnoble@mmqlaw.com
www.mmqlaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing pleading was filed electronically through the Court's CM/ECF system and served electronically on all parties enlisted to receive service electronically and was separately served by e-mail on the following:

SO CERTIFIED, this the 1st day of July, 2011.


 /s/ *Douglas C. Noble*

**Exhibit "A" to Motion to Approve Employment of Voting Agent and
Solicitation Procedures**

BMC Agreement

AGREEMENT FOR SERVICES

This Agreement dated effective as of May 4, 2011 (the "Effective Date"), is entered between O&G Leasing, LLC, a Mississippi limited liability company and Performance Drilling Company, LLC, a Mississippi limited liability company    (collectively, "Customer"), and BMC Group, Inc. ("BMC").   The services rendered by BMC pursuant to this Agreement will commence on the date first set forth above and will continue until the Agreement is terminated as set forth below.

## TERMS AND CONDITIONS

I.    SERVICES

In accordance with the terms and conditions contained in this Agreement and in the Fee Schedule annexed hereto, BMC agrees to provide services as follows: (a) assisting the Customer, Counsel and Office of the Clerk with noticing and (b) assisting Customer with the compilation, administration, evaluation and production of documents and information necessary to support a restructuring effort.  At Customer's, Counsel's or the Clerk's Office's direction, as the case may be, and in accordance with any court orders or rules in the bankruptcy case(s) (including any court order authorizing BMC's engagement), BMC will (1) print, mail and tabulate ballots for purposes of plan voting; and (2) other services as directed by Customer.

II.    PRICES, CHARGES AND PAYMENT

A.    BMC agrees to charge, and Customer agrees to pay, BMC's standard prices for its services, expenses and supplies at the rates or prices in effect on the day such services and/or supplies are provided to the Customer, in accordance with the Fee Schedule annexed hereto.

B.    Wire transfer information for the transmission of payments is as follows:

| | |
|---|---|
| Bank Name - | Wells Fargo Bank |
| Address - | 933 3rd Avenue, Seattle, WA 98104 |
| ABA/Routing # - | 121000248 |
| Account Name - | BMC Group, Inc. |
| Account # - | 0033022633 |

C.    BMC raises its rates from time to time and generally does so each January.

D.    Customer agrees to pay BMC for any necessarily incurred out-of-pocket reasonable expenses for transportation, lodging, meals and related items.

E.    In connection with noticing services, upon BMC's request, Customer agrees to prepay BMC estimated postage amounts with respect to each notice or shall authorize BMC to cause the courier's charges (such as UPS or FedEx) to be stated to Customer's own account with such courier.

F.    BMC agrees to invoice Customer for fees and expenses and Customer agrees that the amount invoiced is due and will be paid promptly upon its receipt of the invoice but in any event within 30 days thereof.  In the case of a dispute in the invoice amount, notice shall be given to BMC within thirty(30) days of receipt of the invoice by Customer.  The balance of the invoice amount is due and payable in the normal course.

G.    BMC will look only to the Customer for payment of invoices and in no event shall Counsel be liable for any of BMC's invoices in connections with this Services Agreement.

III.    WARRANTY

The BMC warranty under the Agreement is that it shall perform all services hereunder in a professional manner and shall be limited to the re-running or performing, at its expense, any inaccurate reports or services that do not comply with the terms hereof. Customer agrees that the foregoing constitutes the exclusive remedy available with respect to inaccurate reports.

IV.    RIGHTS OF OWNERSHIP

A.    The parties understand that the software programs and other similar proprietary materials furnished by BMC pursuant to this Agreement and/or developed during the course of this Agreement by BMC are the sole property of BMC. The term "program" shall include, without limitation, data processing programs, specifications, applications, routines, sub-routines, procedural manuals, and documentation. Customer agrees not to copy or permit others to copy for unauthorized use the source code from the support software or any other programs or similar proprietary materials furnished pursuant to this Agreement.

B.    Customer further agrees that any ideas, concepts, know-how or techniques relating to data processing or BMC's performance of its services developed during the course of its Agreement by BMC shall be exclusive property of BMC.

C.    Upon Customer's request at any time or times while this Agreement is in effect, BMC shall immediately deliver to Customer at Customer's sole expense, any or all of the non-proprietary data, information and records held or controlled by BMC pursuant to this Agreement, in the form requested by Customer. Any information, data and records, in whatever form existing, whether provided to BMC by Customer or developed by BMC for Customer under this Agreement, may be retained by BMC until all amounts due under this Agreement are paid in full, it being understood that neither party asserts rights of ownership in the official claims register or materials filed with BMC as an agent of the court.

D.    Customer shall remain liable for all charges imposed under this Agreement as a result of data or physical media maintained by BMC. BMC shall dispose of the data and media in the manner requested by Customer. Customer agrees to pay BMC for reasonable expenses incurred as a result of the disposition of the data or media. After giving Customer thirty (30) days advance notice, BMC reserves the right to dispose of data or media maintained by BMC for Customer if Customer has not utilized the services provided herein for a period of at least ninety (90) days or if Customer has not paid all charges due to BMC.

V.    NON-SOLICITATION

Customer agrees that it shall not, directly or indirectly, solicit for employment, employ or otherwise retain staff of BMC during the term of this Agreement, nor for a period of twelve (12) months after termination of this Agreement unless mutually agreed upon by both parties.

VI.    CONFIDENTIALITY

BMC agrees to, and shall cause its servants, agents, employees, licensees, and subcontractors to, safeguard and keep confidential all data, records, information and communications of any sort or form, regardless of whether written, oral, visual or otherwise recorded or transmitted, with respect to Customer, but excluding such data, records, information and communications that exist in the public domain by reason other than a breach of BMC's obligations under this Section VII "Confidentiality" (the "Confidential Information"). BMC will use the Confidential Information only for the benefit of Customer in connection with the provision of services under this Agreement. Customer agrees to, and will cause its servants, agents, employees, licensees, and subcontractors to, keep all information with respect to BMC's system, procedures and software confidential; provided, however, that if either party is required to produce any such information by order of any governmental agency or other regulatory body, it may, upon not less than five

business days' written notice to the other party, release the required information. The obligations set forth in this paragraph shall survive termination of this Agreement.

VII.   TERMINATION

A.   This Agreement shall remain in force until terminated by Customer, or, by BMC upon thirty (30) days' prior written notice to the other party.

B.   In the event that this contract is terminated, regardless of the reason for such termination, BMC shall cooperate with Customer to orderly transfer to Customer or its designee (or destroy, at Customer's direction) data, records and information in its possession or control and to effect an orderly transition of record-keeping functions. BMC shall provide all necessary staff, services and assistance required for an orderly transfer and transition. Customer agrees to pay for such services in accordance with BMC's then existing prices for such services.

VIII.   SYSTEM IMPROVEMENTS

BMC's policy is to provide continuous improvements in the quality of service to the Customer. BMC, therefore, reserves the right to make changes in operations procedures, operating systems, programming languages, general purpose library programs, application programs, time period of accessibility, types of terminal and other equipment and the BMC data center serving the Customer.

IX.   INDEMNIFICATION

Except with respect to breaches under Section VI "Confidentiality" above, Customer shall indemnify and hold BMC, its officers, employees and agents harmless against any losses, claims, damages, judgments, liabilities and expense (including reasonable counsel fees and expenses) resulting from action taken or permitted by BMC in good faith with due care and without negligence in reliance upon instructions or orders received from Customer as to anything arising in connection with its performance under this Agreement.

X.   NOTICES

All notices in connection with this Agreement shall be given or made upon the respective parties in writing by facsimile or overnight courier and shall be deemed as given, if by facsimile, on the business day immediately following confirmed transmission, or if by courier, on the day it is delivered by such courier to the appropriate address set forth below:

| | |
|---|---|
| BMC Group, Inc.<br>Attn: Tinamarie Feil<br>600 1st Avenue, Suite 300<br>Seattle, WA 98104<br><br>Telephone 206.516.3300<br>Fax 206.516.3304 | O&G Leasing, LLC<br>125 South Congress Street, Suite 1610<br>Jackson, Mississippi 39201 |

Or to such other address as the party to receive the notice or request so designates by written notice to the other.

XI.   APPLICABLE LAW

This agreement shall be construed in accordance with the laws of the State of Washington and may be modified only by a written instrument duly executed by an authorized representative of Customer and an officer of BMC.

## XII.    ENTIRE AGREEMENT/ MODIFICATIONS

Each party acknowledges that it has read this Agreement, understands it, and agrees to be bound by its terms and further agrees that it is the complete and exclusive statement of the agreement between the parties, which supersedes and merges all prior proposals, understandings and other agreements, oral and written between the parties relating to the subject matter of this Agreement. The Agreement may not be modified or altered by written instrument duly executed by both parties. Customer represents that it has the authority to enter into this Agreement, may be subject to bankruptcy court approval, and the Agreement is non-dischargeable under any applicable statute or law. If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby. In the event of any conflict between a term of this Agreement and any order of the court exercising jurisdiction over the Customer bankruptcy cases, the term of the order shall govern.

## XIV.    ASSIGNMENT

This Agreement and the rights and duties hereunder shall not be assignable by the parties hereto except upon written consent of the other, with the exception that this Agreement can be assigned by BMC to a wholly owned subsidiary of BMC.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the dates below but effective for all purposes as of the Effective Date.

| BMC Group, Inc. | O&G Leasing, LLC |
|---|---|
| By: _Tinamarie Feil_ | By: _____ |
| Name:   Tinamarie Feil | Name:  Jeffia Goodwin |
| Title:   President, Client Services | Title:  CFO |
| Date:   June 27, 2011 | Date: June 27, 2011 |

**Exhibit "B" to Motion to Approve Employment of Voting Agent and
Solicitation Procedures**

Declaration

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | ) |
| O&G LEASING, LLC, *et al.* | )    Case No. 10-01851 EE |
|  | )    Chapter 11 |
| Debtors. | )    Jointly Administered |
|  | ) |

### DECLARATION OF KEVIN MARTIN

I, KEVIN MARTIN, declare and state as follows:

1.    I make this declaration in support of the *Motion to Approve Employment of Voting Agent and Solicitation Procedures* (the "**Motion**") filed by O&G Leasing LLC, *et al.* (the "**Debtors**") in the above-captioned Chapter 11 case, seeking to employ BMC Group, Inc ("**BMC**") to provide noticing and solicitation services to the estates.

2.    I am a Director in the Restructuring and Bankruptcy Services division of BMC and, if employed, will be primarily responsible for the services performed by BMC for the Debtor.

3.    My mailing address, telephone number, and e-mail address at BMC are as follows:

> BMC Group
> 300 North Continental Boulevard, Suite 570
> El Segundo, CA 90245
> Attention: Kevin Martin
> Telephone: 310.321.5541
> E-mail: kmartin@bmcgroup.com

4.    BMC has longstanding experience in providing consulting and data processing services to chapter 11 debtors in connection with administration, reconciliation and negotiation

1

of claims, as well as the distribution of plan solicitation materials and administration of balloting with respect to plans of reorganization. BMC has provided identical or substantially similar services to other chapter 11 debtors in this and other jurisdictions. Based on our expertise and experience I believe that BMC is well qualified to provide the services contemplated in the Motion. A copy of BMC's resume is attached as Exhibit 1 hereto.

5.    BMC's services have been requested by the Debtors primarily because of their desire that the solicitation process in these cases be effected and administered properly and accurately with respect to solicitation of and voting by holders of their securities. BMC has extensive experience in this area and is well qualified to provide such services to these estates.

6.    BMC requests that it be compensated for providing services to the estates based on the rates for services and costs set forth in Exhibit 2 without further order or notice. BMC is customarily paid in such a manner in chapter 11 cases throughout the country, and because such services, along with the costs for which reimbursement will be sought, are administrative in nature, BMC submits that payment for such services should not be subject to the provisions of the Bankruptcy Code and Bankruptcy Rules that apply to professionals.

7.    The normal hourly billing rate for BMC's personnel is set forth in Exhibit 2 hereto. BMC's hourly rates are subject to periodic review and change. In the normal course of business, BMC annually revises its standard hourly rates to reflect changes in responsibilities, increased experience, and increased costs of doing business. Accordingly, BMC requests that the aforementioned rates be revised to the hourly rates that will be in effect from time to time. Changes in regular hourly rates will be noted on the invoices for the first time period in which the revised rates became effective.

8.    Although I am expected to be principally responsible for this matter, BMC will utilize other BMC personnel to assist in rendering services to the Debtor. In addition to the hourly rate compensation for professional services rendered by BMC pursuant to this Motion, BMC will seek reimbursement for reasonable and necessary expenses incurred in connection with this case.

9.    Neither BMC nor any of its personnel who are anticipated to provide services in connection with this engagement (the "**Engagement Personnel**") has any connection with the Debtor, the Debtor's significant creditors or other significant parties in interest, attorneys, or to a judge of this Court or the United States Trustee for this region. BMC is continuing its connections check and, to the extent it discovers material facts or relationship that it deems requires disclosure, it will provide the Court with supplemental disclosure.

10.    To the best of my knowledge, neither BMC nor any of its employees is a creditor, equity security holder, or an "insider" of the Debtor as that term is defined in § 101(31) of the Bankruptcy Code.

11.    To the best of my knowledge, neither BMC nor any of its partners or other employees is or was, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtor.

12.    To the best of my knowledge, BMC is a "disinterested person" under applicable sections of the Bankruptcy Code.

13.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 2?ᵗ, 2011

KEVIN MARTIN
Director, BMC Group, Inc.

3

**Exhibit 1 to Declaration of Kevin Martin**

BMC's Resume

## Qualifications

BMC Group companies (BMC) offer a core competency in claims and information management associated with uniquely large projects. BMC has administered matters involving more than 40 million parties, processed more than 10 million claims, and has mailed over a million documents in a single day. BMC's success lies in pairing its state-of-the-art process and technology infrastructure with subject matter experts who design and deliver custom solutions. BMC's engagements have included managing major mergers & acquisitions due diligence, mass-scale bankruptcy cases as well as class action settlements including securities, mortgages, loan servicing, and real estate transactions. BMC's largest project database involved the collection and integration of 65 million consumer loan transactions.

BMC employs over 200 professional, technical and administrative personnel, and fully appreciates and understands the type of experience, commitment of resources and flexible staffing levels required to successfully conduct and manage projects of major magnitude.

BMC operates and maintains systems and facilities that are Health Insurance Portability and Accountability Act (HIPAA) compliant, and is accredited by the Federal Trade Commission under the Federal Information Security Management Act of 2002 (FISMA). This accreditation is required to ensure the confidentiality, accuracy, and integrity of critical governmental data, and represents less than a quarter of all systems maintained by the Federal government.

BMC's technology platforms and processes feature uncompromising and reliable security measures that ensure confidential data is safe while conducting business online as well as in physical locations. BMC's technology uses complex layers of security to protect data across application, personnel and infrastructure levels. Some of the features include: 128-bit SSL encryption; SAS 70 Type II compliance; proprietary scrambling to further secure documents; multiple layer firewall protection; comprehensive digital rights-management security governing to a granular level what users can view, print and save—including document watermarking and print screen denial; documents cached only in RAM and never to a user's workstation; detailed event tracking and logging down to a user's IP address; high-performance data backup carried out at multiple intervals throughout the day; and database replication stored at dispersed geographical locations across North America.

**Exhibit 2 to Declaration of Kevin Martin**

BMC's Standard Pricing

**bmcgroup**

information management

# 2011 Standard Pricing: Restructuring Support Services

### Claims Management and b-Linx Claims Management Platform

| | |
|---|---|
| Claim Receipt, Process & Docketing | $2.50 per claim (no per hour charges) |
| Claim Imaging and b-Linx Association | $0.12 per image |
| b-Linx Access and Maintenance | $0.07 per record/mo ($250 min/$850 max, no per user fee) |
| Schedules/Statements Preparation | at applicable Case Management rates |
| Claim Analysis, Reconciliation, Objection Support | at applicable Case Management rates |
| Claims Order Review and Updates | at applicable Case Management rates |

### Print Mail and Noticing Services

| | |
|---|---|
| Create/Maintain Noticing Database & Service Lists | at applicable Case Management rates |
| Production Setup | $0 - $25 per file |
| Copy/Print | $0.03 - $0.10 per image based on volume |
| Envelope and Address Printing/Labeling | $0.08 standard / catalogue or custom varies |
| Finishing (Fold or Collate, Insertion, Seal, Mail) | $0.05 per document |
| Postage | at cost (includes optimization recommendations) |
| *Certified* Electronic Noticing Service | $20 per 500 ($0.04 per notice, no per page charge) |
| *Certified* Fax Noticing Service | $0.15 per image |
| Processing of Undeliverables | $0.25 each + cost of re-mails as applicable |
| Legal Notice Experts/Publication | Quote |

### Document and Information Management

| | |
|---|---|
| Document Imaging and b-Linx Association | $0.12 per image |
| Live Operator Call Center | $45 per hour |
| Custom Website Hosting | Set up, plus $250 per month |
| Secure Virtual Data Room | Set up + $0.15/page per month |
| Physical Document Storage | $1.45 per box/month |
| Document Analysis | at applicable Case Management rates |

### Subscription/Solicitation/Exchange

| | |
|---|---|
| Materials Print and Notification | at applicable Print Mail and Noticing rates |
| Ballot Receipt, Processing, Tabulation | at applicable Case Management rates |
| Interface Public Securities Holders | at applicable Case Management rates |

### Distribution

| | |
|---|---|
| Distribution Consulting | at applicable Case Management rates |
| Check Issuance or Tax Reporting (1099, W-2) | $1.75 each |
| Issuance Stock, Notes, Warrants | $1.95 each |
| Registrar of New Issue(s) | Quote |

### Case Management

| | |
|---|---|
| Data Entry/Administrative Support | $25/ $45 - $65 per hour |
| Analysts | $80 - $110 per hour |
| Consultants | $110 - $145 per hour |
| Project Managers | $175 - $250 per hour |
| Director/Principal | $250 - $275 per hour    (Average Hourly Rate < $125) |

**Exhibit "C" to Motion to Approve Employment of Voting Agent and
Solicitation Procedures**

Ballots

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRIST OF MISSISSIPPI**

In re:

O&G LEASING, LLC, *et al.*

Debtors.

)
)
)
)
)
)
)
)
)
)

Case No. 10-01851 EE
Chapter 11
Jointly Administered

**BALLOT FOR ACCEPTING OR REJECTING**
**DEBTORS' PLAN OF REORGANIZATION**

**CLASS [CLASS NO.] [CLASS DESCRIPTION] CLAIMS**

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN**
**IS 5:00 P.M., CENTRAL STANDARD TIME, ON [AUGUST___, 2011]**

---

This Ballot is submitted to you to solicit your vote to accept or reject the Debtors' Plan of Reorganization (the "Plan") described in the accompanying Disclosure Statement, dated [**June ___**], 2011 (the "Disclosure Statement"). Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan, and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot to (i) O&G Leasing, LLC Voting Agent, BMC Group, Inc., P.O. Box 3020, Chanhassen, MN 55317 (by United States mail) or (ii) ) O&G Leasing, LLC Voting Agent, BMC Group, Inc., 18750 Lake Drive East, Chanhassen, MN 55317 (by overnight delivery or personal courier), so that it is received by the deadline indicated above. Ballots submitted by e-mail or facsimile transmission will not be accepted. Ballots should not be sent to the Debtors.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND**
**INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEMS 1 THROUGH 3. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 2, OR IF BOTH BOXES ARE CHECKED IN ITEM 2, THIS BALLOT WILL BE COUNTED AS HAVING BEEN CAST AS A VOTE TO ACCEPT THE PLAN. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

Class [Class No.] [Class Description]

**Item 1. Voting Classification and Amount.** The undersigned, a holder of a [Class Description] in Class [Class No.] of the Plan against the Debtors in the amount set forth below as of [_____, ____ 2011] Voting Record Date:

$_____

**Item 2. Vote.** The undersigned Class [Class No.] [Class Description] holder votes as follows (check one box only):

      □  **ACCEPT** the Plan.            □  **REJECT** the Plan.

**Item 3. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will be counted as having been cast as a vote to accept the Plan.

_____
Name

_____
Social Security or Federal Tax I.D. No. (optional)

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

## VOTING INFORMATION AND INSTRUCTIONS
## FOR COMPLETING THE BALLOT

1.  Please indicate acceptance or rejection of the Plan in the boxes provided in Item 2 of the Ballot. Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to BMC Group, Inc. (the "Voting Agent") at the applicable following address:

| BY UNITED STATES MAIL: | BY OVERNIGHT COURIER OR PERSONAL DELIVERY: |
|---|---|
| O&G Leasing LLC Voting Agent | O&G Leasing LLC Voting Agent |
| BMC Group, Inc. | BMC Group, Inc. |
| P.O. Box 3020 | 18750 Lake Drive East |
| Chanhassen, MN  55317 | Chanhassen, MN  55317 |

Ballots must be *received* by the Voting Agent by 5:00 p.m., Central Standard Time, on [August ____, 2011] (the "Voting Deadline"). If a Ballot is received after the Voting Deadline, it will not be counted.  An envelope addressed to the Voting Agent is enclosed for your convenience.

2.  If you hold Claims and/or Interests in more than one voting Class under the Plan, you may receive a separate Ballot for each such Claim and/or Interest, coded by Class number and description, and a set of solicitation materials.  You may also receive more than one Ballot if you are (a) the beneficial owner of Senior Debentures held in street name through more than one "Master Ballot Agent" (*i.e.*, a broker, bank, dealer or other agent or nominee) or (b) the registered owner or the Senior Debentures registered in your own name as well as the beneficial owner of Senior Debentures registered in street name.  **Each Ballot you receive is for voting only your Claim or Interest described on the Ballot.  The attached Ballot is designated only for voting [Class Description] in Class [Class No.].  Please complete and return each Ballot you receive**.  You must vote all of your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, such Ballots shall not be counted.

3.  If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest properly-executed Ballot received by the Voting Agent or Master Ballot Agent (as applicable) before the Voting Deadline (as determined by the Voting Agent or Master Ballot Agent) will be deemed to reflect your intent to either accept or reject the Plan.

### PLEASE RETURN YOUR BALLOT PROMPTLY.

THE VOTING AGENT WILL *NOT* ACCEPT BALLOTS BY E-MAIL OR FACSIMILE TRANSMISSION.
BALLOTS SHOULD NOT BE SENT TO THE DEBTORS OR THE INDENTURE TRUSTEE.

**IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT, BMC GROUP, INC., BY TOLL-FREE TELEPHONE AT (888) 909-0100.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRIST OF MISSISSIPPI**

| | |
|---|---|
| In re: | ) )<br>) ) |
| O&G LEASING, LLC, *et al.* | ) Case No. 10-01851 EE<br>) Chapter 11 |
| Debtors. | ) Jointly Administered<br>)<br>) |

**BALLOT FOR ACCEPTING OR REJECTING
DEBTORS' PLAN OF REORGANIZATION**

**BALLOT FOR VOTING SENIOR DEBENTURES SECURED CLAIMS
(CUSIP NUMBERS 67084VAK5, 67084VAJ8 AND 67084VAL3)
CLASS 2 SENIOR DEBENTURES SECURED CLAIMS**

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN
IS 5:00 P.M., CENTRAL STANDARD TIME, ON [AUGUST___, 2011]**

---

This Ballot is submitted to you to solicit your vote to accept or reject the Debtors' Plan of Reorganization (the "Plan") described in the accompanying Disclosure Statement, dated **[June __], 2011** (the "Disclosure Statement"). Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan, and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot to (i) O&G Leasing, LLC Voting Agent, BMC Group, Inc., P.O. Box 3020, Chanhassen, MN 55317 (by United States mail) or (ii) ) O&G Leasing, LLC Voting Agent, BMC Group, Inc., 18750 Lake Drive East, Chanhassen, MN 55317 (by overnight delivery or personal courier), so that it is received by the deadline indicated above. Ballots submitted by e-mail or facsimile transmission will not be accepted. Ballots should not be sent to the Debtors.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEMS 1 THROUGH 3. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 2, OR IF BOTH BOXES ARE CHECKED IN ITEM 2, THIS BALLOT WILL BE COUNTED AS HAVING BEEN CAST AS A VOTE TO ACCEPT THE PLAN. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

Class 2 Senior Debentures Secured Claims
**(For Use by Individual Holders Returning Ballot Directly to the Voting Agent)**

**Item 1.  Voting Classification and Amount.**  The undersigned certifies that as of the [_____, ____ 2011] Record Date it was a beneficial owner and registered holder of a Senior Debentures Secured Claim.  The aggregate unpaid principal amount held by the undersigned is:

$_____

**Item 2.  Vote.**  The undersigned, as the beneficial owner of the Senior Debentures Secured Claim in Item 1 as of the Record Date, votes as follows (check one box only):

☐  **ACCEPT** the Plan.                          ☐  **REJECT** the Plan.

**Item 3.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledge(s) receipt of the Disclosure Statement and the other applicable solicitation materials and certifies (certify) that the undersigned is (are) the Beneficial Owner(s) and registered holder(s) of the Senior Debentures Secured Claim voted on this Ballot or otherwise has (have) full power and authority to vote to accept or reject the Plan as indicated on this Ballot on behalf of the Beneficial Owner(s) and registered holder(s).  The undersigned understand(s) that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will be counted as having been cast as a vote to accept the Plan.

_____
Name

_____
Social Security or Federal Tax I.D. No. (optional)

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

Class 2 Senior Debentures Secured Claims
(For Use by Individual Holders Returning Ballot Directly to the Voting Agent)

**VOTING INFORMATION AND INSTRUCTIONS**
**FOR COMPLETING THE BALLOT**

1.    Please indicate acceptance or rejection of the Plan in the boxes provided in Item 2 of the Ballot. Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to BMC Group, Inc. (the "Voting Agent") at the applicable following address:

<table>
<tr><td>**BY UNITED STATES MAIL:**</td><td>**BY OVERNIGHT COURIER OR PERSONAL DELIVERY:**</td></tr>
<tr><td>O&G Leasing LLC Voting Agent<br>BMC Group, Inc.<br>P.O. Box 3020<br>Chanhassen, MN 55317</td><td>O&G Leasing LLC Voting Agent<br>BMC Group, Inc.<br>18750 Lake Drive East<br>Chanhassen, MN 55317</td></tr>
</table>

Ballots must be *received* by the Voting Agent by 5:00 p.m., Central Standard Time, on [August ____, 2011] (the "**Voting Deadline**"). If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Voting Agent is enclosed for your convenience.

2.    If you hold Claims and/or Interests in more than one voting Class under the Plan, you may receive a separate Ballot for each such Claim and/or Interest, coded by Class number and description, and a set of solicitation materials. You may also receive more than one Ballot if you are (a) the beneficial owner of Senior Debentures held in street name through more than one "Master Ballot Agent" (*i.e.*, a broker, bank, dealer or other agent or nominee) or (b) the registered owner of the Senior Debentures registered in your own name as well as the beneficial owner of Senior Debentures registered in street name. **Each Ballot you receive is for voting only your Claim or Interest described on the Ballot. The attached Ballot is designated only for voting Senior Debentures Secured Claim in Class 2 by beneficial owners who are also holders of record. Please complete and return each Ballot you receive.** You must vote all of your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, such Ballots shall not be counted.

3.    If you cast more than one Ballot voting the same Senior Debentures prior to the Voting Deadline, the latest properly-executed Ballot received by the Voting Agent or Master Ballot Agent (as applicable) before the Voting Deadline (as determined by the Voting Agent or Master Ballot Agent) will be deemed to reflect your intent to either accept or reject the Plan.

PLEASE RETURN YOUR BALLOT PROMPTLY.

THE VOTING AGENT WILL *NOT* ACCEPT BALLOTS BY E-MAIL OR FACSIMILE TRANSMISSION.
BALLOTS SHOULD NOT BE SENT TO THE DEBTORS OR THE INDENTURE TRUSTEE.

**IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES,**
**PLEASE CONTACT THE VOTING AGENT, BMC GROUP, INC., BY TOLL-FREE TELEPHONE AT (888) 909-0100.**

Class 2 Senior Debentures Secured Claims
(For Use by Beneficial Owners Returning Ballot to the Master Ballot Agent)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRIST OF MISSISSIPPI

| | |
|---|---|
| In re: | ) |
| | ) |
| O&G LEASING, LLC, *et al.* | ) Case No. 10-01851 EE |
| | ) Chapter 11 |
| Debtors. | ) Jointly Administered |
| | ) |

### BALLOT FOR ACCEPTING OR REJECTING
### DEBTORS' PLAN OF REORGANIZATION

**BALLOT FOR VOTING SENIOR DEBENTURES SECURED CLAIMS
(CUSIP NUMBERS 67084VAK5, 67084VAJ8 AND 67084VAL3)
CLASS 2 SENIOR DEBENTURES SECURED CLAIMS**

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN
IS 5:00 P.M., CENTRAL STANDARD TIME, ON [AUGUST___, 2011]**

---

This Ballot is submitted to you to solicit your vote to accept or reject the Debtors' Plan of Reorganization (the "Plan") described in the accompanying Disclosure Statement, dated **[June __]**, 2011 (the "Disclosure Statement"). Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan, and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot to your Master Ballot Agent sufficiently in advance of 5:00 p.m., Central Time, on [August ___, 2011] (the "Voting Deadline") to enable the Master Ballot Agent to process your vote and submit a Master Ballot so that it is received by the Voting Deadline. If a Master Ballot is received by the Voting Agent after the Voting Deadline, the votes contained in such Master Ballot will not be counted. An envelope addressed to the Master Ballot Agent should be enclosed for your convenience Ballots submitted by e-mail or facsimile transmission will not be accepted. Ballots should not be sent to the Debtors.

### PLEASE READ THE ATTACHED VOTING INFORMATION AND
### INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.

---

PLEASE COMPLETE ITEMS 1 THROUGH 3. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 2, OR IF BOTH BOXES ARE CHECKED IN ITEM 2, THIS BALLOT WILL BE COUNTED AS HAVING BEEN CAST AS A VOTE TO ACCEPT THE PLAN. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

Class 2 Senior Debentures Secured Claims
**(For Use by Beneficial Owners Returning Ballot to the Master Ballot Agent)**

**Item 1. Voting Classification and Amount.** The undersigned certifies that as of the [_____, ____ **2011**] Record Date it was a beneficial owner and registered holder of Senior Debentures in the amount set forth below. If the Senior Debentures are held by a nominee on your behalf and you do not know the amount, please contact your nominee immediately. The aggregate unpaid principal amount held by the undersigned is:

$_____

**Item 2. Vote.** The undersigned, as the beneficial owner of the Senior Debentures Secured Claim in Item 1 as of the Record Date, votes as follows (check one box only):

      ☐   **ACCEPT** the Plan.           ☐   **REJECT** the Plan.

**Item 3. Acknowledgments.** By signing this Ballot, the undersigned acknowledge(s) receipt of the Disclosure Statement and the other applicable solicitation materials and certifies (certify) that the undersigned is (are) the Beneficial Owner(s) and registered holder(s) of the Senior Debentures Secured Claim voted on this Ballot or otherwise has (have) full power and authority to vote to accept or reject the Plan as indicated on this Ballot on behalf of the Beneficial Owner(s) and registered holder(s). The undersigned understand(s) that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will be counted as having been cast as a vote to accept the Plan.

_____
Name

_____
Social Security or Federal Tax I.D. No. (optional)

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

Class 2 Senior Debentures Secured Claims
**(For Use by Beneficial Owners Returning Ballot to the Master Ballot Agent)**

### VOTING INFORMATION AND INSTRUCTIONS
### FOR COMPLETING THE BALLOT

1.  Please indicate acceptance or rejection of the Plan in the boxes provided in Item 2 of the Ballot. Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to the "Master Ballot Agent" (i.e., broker, bank, dealer or other agent or nominee) at the address identified on the enclosed return envelope.

    **Ballots must be received by the Master Ballot Agent sufficiently in advance of 5:00 p.m., Central Time, on [August ___, 2011] (the "Voting Deadline") to enable the Master Ballot Agent to process your vote and submit a Master Ballot so that it is received by the Voting Deadline. If a Master Ballot is received by the Voting Agent after the Voting Deadline, the votes contained in such Master Ballot will not be counted.** An envelope addressed to the Master Ballot Agent should be enclosed for your convenience Ballots submitted by e-mail or facsimile transmission will not be accepted. Ballots should not be sent to the Debtors.

    **Ballots must be *received* by the Voting Agent by 5:00 p.m., Central Standard Time, on [August ___, 2011] (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Voting Agent is enclosed for your convenience.

2.  If you hold Claims and/or Interests in more than one voting Class under the Plan, you may receive a separate Ballot for each such Claim and/or Interest, coded by Class number and description, and a set of solicitation materials. You may also receive more than one Ballot if you are (a) the beneficial owner of Senior Debentures held in street name through more than one "Master Ballot Agent" (*i.e.*, a broker, bank, dealer or other agent or nominee) or (b) the Senior Debentures registered in your own name as well as the beneficial owner of Senior Debentures registered in street name. **Each Ballot you receive is for voting only your Claim or Interest described on the Ballot. The attached Ballot is designated only for voting Senior Debentures Secured Claim in Class 2 held in street name by a Master Ballot Agent. Please complete and return each Ballot you receive.** You must vote all of your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, such Ballots shall not be counted.

3.  If you cast more than one Ballot voting the same Senior Debentures prior to the Voting Deadline, the latest properly-executed Ballot received by the Voting Agent or Master Ballot Agent (as applicable) before the Voting Deadline (as determined by the Voting Agent or Master Ballot Agent) will be deemed to reflect your intent to either accept or reject the Plan.

### PLEASE RETURN YOUR BALLOT PROMPTLY.

THE VOTING AGENT WILL *NOT* ACCEPT BALLOTS BY E-MAIL OR FACSIMILE TRANSMISSION.
BALLOTS SHOULD NOT BE SENT TO THE DEBTORS OR THE INDENTURE TRUSTEE.

**IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES,
PLEASE CONTACT THE VOTING AGENT, BMC GROUP, INC., BY TOLL-FREE TELEPHONE AT (888) 909-0100.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRIST OF MISSISSIPPI**

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) | |
| O&G LEASING, LLC, *et al.* | ) ) | Case No. 10-01851 EE |
| | ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

**BALLOT FOR ACCEPTING OR REJECTING**
**DEBTORS' PLAN OF REORGANIZATION**

**BALLOT FOR VOTING SENIOR DEBENTURESS CLAIMS**
**(CUSIP NUMBERS 67084VAM1, 67084VAN9 AND 67084VAP4)**
**CLASS 5 UNSECURED DEBENTURE CLAIMS**

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN**
**IS 5:00 P.M., CENTRAL STANDARD TIME, ON [AUGUST___, 2011]**

---

This Ballot is submitted to you to solicit your vote to accept or reject the Debtors' Plan of Reorganization (the "Plan") described in the accompanying Disclosure Statement, dated **[June __],** 2011 (the "Disclosure Statement"). Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan, and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot to (i) O&G Leasing, LLC Voting Agent, BMC Group, Inc., P.O. Box 3020, Chanhassen, MN 55317 (by United States mail) or (ii) ) O&G Leasing, LLC Voting Agent, BMC Group, Inc., 18750 Lake Drive East, Chanhassen, MN 55317 (by overnight delivery or personal courier), so that it is received by the deadline indicated above. Ballots submitted by e-mail or facsimile transmission will not be accepted. Ballots should not be sent to the Debtors.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND**
**INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEMS 1 THROUGH 3. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 2, OR IF BOTH BOXES ARE CHECKED IN ITEM 2, THIS BALLOT WILL BE COUNTED AS HAVING BEEN CAST AS A VOTE TO ACCEPT THE PLAN. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

Class 5 Unsecured Debenture Claims
**(For Use by Individual Holders Returning Ballot Directly to the Voting Agent)**

**Item 1. Voting Classification and Amount.** The undersigned certifies that as of the [_____, \_\_\_\_ 2011] Record Date it was a beneficial owner and registered holder of an Unsecured Debenture Claim. The aggregate unpaid principal amount held by the undersigned is:

$_____

**Item 2. Vote.** The undersigned, as the beneficial owner of the Unsecured Debenture Claim in Item 1 as of the Record Date, votes as follows (check one box only):

☐   **ACCEPT** the Plan.                    ☐   **REJECT** the Plan.

**Item 3. Acknowledgments.** By signing this Ballot, the undersigned acknowledge(s) receipt of the Disclosure Statement and the other applicable solicitation materials and certifies (certify) that the undersigned is (are) the Beneficial Owner(s) and registered holder(s) of the Unsecured Debenture Claim voted on this Ballot or otherwise has (have) full power and authority to vote to accept or reject the Plan as indicated on this Ballot on behalf of the Beneficial Owner(s) and registered holder(s). The undersigned understand(s) that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will be counted as having been cast as a vote to accept the Plan.

_____
Name

_____
Social Security or Federal Tax I.D. No. (optional)

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

Class 5 Unsecured Debenture Claims
(For Use by Individual Holders Returning Ballot Directly to the Voting Agent)

## VOTING INFORMATION AND INSTRUCTIONS
## FOR COMPLETING THE BALLOT

1.  Please indicate acceptance or rejection of the Plan in the boxes provided in Item 2 of the Ballot. Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to BMC Group, Inc. (the "Voting Agent") at the applicable following address:

**BY UNITED STATES MAIL:**

O&G Leasing LLC Voting Agent
BMC Group, Inc.
P.O. Box 3020
Chanhassen, MN 55317

**BY OVERNIGHT COURIER OR PERSONAL DELIVERY:**

O&G Leasing LLC Voting Agent
BMC Group, Inc.
18750 Lake Drive East
Chanhassen, MN 55317

Ballots must be *received* by the Voting Agent by 5:00 p.m., Central Standard Time, on [August ____, 2011] (the "Voting Deadline"). If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Voting Agent is enclosed for your convenience.

2.  If you hold Claims and/or Interests in more than one voting Class under the Plan, you may receive a separate Ballot for each such Claim and/or Interest, coded by Class number and description, and a set of solicitation materials. You may also receive more than one Ballot if you are (a) the beneficial owner of Unsecured Debenture held in street name through more than one "Master Ballot Agent" (*i.e.*, a broker, bank, dealer or other agent or nominee) or (b) the registered owner of the Unsecured Debenture registered in your own name as well as the beneficial owner of Unsecured Debenture registered in street name. **Each Ballot you receive is for voting only your Claim or Interest described on the Ballot. The attached Ballot is designated only for voting Unsecured Debenture Claim in Class 5 by beneficial owners who are also holders of record. Please complete and return each Ballot you receive.** You must vote all of your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, such Ballots shall not be counted.

3.  If you cast more than one Ballot voting the same Unsecured Debenture prior to the Voting Deadline, the latest properly-executed Ballot received by the Voting Agent or Master Ballot Agent (as applicable) before the Voting Deadline (as determined by the Voting Agent or Master Ballot Agent) will be deemed to reflect your intent to either accept or reject the Plan.

PLEASE RETURN YOUR BALLOT PROMPTLY.

THE VOTING AGENT WILL *NOT* ACCEPT BALLOTS BY E-MAIL OR FACSIMILE TRANSMISSION.
BALLOTS SHOULD NOT BE SENT TO THE DEBTORS OR THE INDENTURE TRUSTEE.

**IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT, BMC GROUP, INC., BY TOLL-FREE TELEPHONE AT (888) 909-0100.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRIST OF MISSISSIPPI**

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) ) | |
| O&G LEASING, LLC, *et al.* | ) ) ) | Case No. 10-01851 EE Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

**BALLOT FOR ACCEPTING OR REJECTING**
**DEBTORS' PLAN OF REORGANIZATION**

**BALLOT FOR VOTING UNSECURED DEBENTURE CLAIMS**
**(CUSIP NUMBERS 67084VAM1, 67084VAN9 AND 67084VAP4)**
**CLASS 5 UNSECURED DEBENTURE CLAIMS**

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN**
**IS 5:00 P.M., CENTRAL STANDARD TIME, ON [AUGUST___, 2011]**

---

This Ballot is submitted to you to solicit your vote to accept or reject the Debtors' Plan of Reorganization (the "Plan") described in the accompanying Disclosure Statement, dated [**June** __], 2011 (the "Disclosure Statement"). Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan, and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot to your Master Ballot Agent sufficiently in advance of 5:00 p.m., Central Time, on [August ___, 2011] (the "Voting Deadline") to enable the Master Ballot Agent to process your vote and submit a Master Ballot so that it is received by the Voting Deadline. If a Master Ballot is received by the Voting Agent after the Voting Deadline, the votes contained in such Master Ballot will not be counted. An envelope addressed to the Master Ballot Agent should be enclosed for your convenience Ballots submitted by e-mail or facsimile transmission will not be accepted. Ballots should not be sent to the Debtors.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND**
**INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEMS 1 THROUGH 3. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 2, OR IF BOTH BOXES ARE CHECKED IN ITEM 2, THIS BALLOT WILL BE COUNTED AS HAVING BEEN CAST AS A VOTE TO ACCEPT THE PLAN. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

Class 5 Usecured Debenture Claims
**(For Use by Beneficial Owners Returning Ballot to the Master Ballot Agent)**

**Item 1. Voting Classification and Amount.** The undersigned certifies that as of the [_____, ____ **2011**] Record Date it was a beneficial owner and registered holder of an Unsecured Debenture Claim. If the Unsecured Debenture is held by a nominee on your behalf and you do not know the amount, please contact your nominee immediately. The aggregate unpaid principal amount held by the undersigned is:

$ _____

**Item 2. Vote.** The undersigned, as the beneficial owner of the Unsecured Debenture Claim in Item 1 as of the Record Date, votes as follows (check one box only):

☐  **ACCEPT** the Plan.                    ☐  **REJECT** the Plan.

**Item 3. Acknowledgments.** By signing this Ballot, the undersigned acknowledge(s) receipt of the Disclosure Statement and the other applicable solicitation materials and certifies (certify) that the undersigned is (are) the Beneficial Owner(s) and registered holder(s) of the Unsecured Debenture Claim voted on this Ballot or otherwise has (have) full power and authority to vote to accept or reject the Plan as indicated on this Ballot on behalf of the Beneficial Owner(s) and registered holder(s). The undersigned understand(s) that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will be counted as having been cast as a vote to accept the Plan.

_____
Name

_____
Social Security or Federal Tax I.D. No. (optional)

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

Class 5 Usecured Debenture Claims
(For Use by Beneficial Owners Returning Ballot to the Master Ballot Agent)

## VOTING INFORMATION AND INSTRUCTIONS
## FOR COMPLETING THE BALLOT

1.    Please indicate acceptance or rejection of the Plan in the boxes provided in Item 2 of the Ballot. Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to the "Master Ballot Agent" (i.e., broker, bank, dealer or other agent or nominee) at the address identified on the enclosed return envelope.

   **Ballots must be received by the Master Ballot Agent sufficiently in advance of 5:00 p.m., Central Time, on [August ___, 2011] (the "Voting Deadline") to enable the Master Ballot Agent to process your vote and submit a Master Ballot so that it is received by the Voting Deadline. If a Master Ballot is received by the Voting Agent after the Voting Deadline, the votes contained in such Master Ballot will not be counted.** An envelope addressed to the Master Ballot Agent should be enclosed for your convenience Ballots submitted by e-mail or facsimile transmission will not be accepted. Ballots should not be sent to the Debtors.

   **Ballots must be *received* by the Voting Agent by 5:00 p.m., Central Standard Time, on [August ____, 2011] (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Voting Agent is enclosed for your convenience.

2.    If you hold Claims and/or Interests in more than one voting Class under the Plan, you may receive a separate Ballot for each such Claim and/or Interest, coded by Class number and description, and a set of solicitation materials. You may also receive more than one Ballot if you are (a) the beneficial owner of Unsecured Debenture held in street name through more than one "Master Ballot Agent" (*i.e.*, a broker, bank, dealer or other agent or nominee) or (b) the Unsecured Debenture registered in your own name as well as the beneficial owner of Unsecured Debenture registered in street name. **Each Ballot you receive is for voting only your Claim or Interest described on the Ballot. The attached Ballot is designated only for voting Unsecured Debenture Claim in Class 5 held in street name by a Master Ballot Agent. Please complete and return each Ballot you receive.** You must vote all of your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, such Ballots shall not be counted.

3.    If you cast more than one Ballot voting the same Unsecured Debenture prior to the Voting Deadline, the latest properly-executed Ballot received by the Voting Agent or Master Ballot Agent (as applicable) before the Voting Deadline (as determined by the Voting Agent or Master Ballot Agent) will be deemed to reflect your intent to either accept or reject the Plan.


PLEASE RETURN YOUR BALLOT PROMPTLY.

THE VOTING AGENT WILL *NOT* ACCEPT BALLOTS BY E-MAIL OR FACSIMILE TRANSMISSION.
BALLOTS SHOULD NOT BE SENT TO THE DEBTORS OR THE INDENTURE TRUSTEE.

**IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT, BMC GROUP, INC., BY TOLL-FREE TELEPHONE AT (888) 909-0100.**

**Exhibit "D" to Motion to Approve Employment of Voting Agent and
Solicitation Procedures**

Procedures

## EXHIBIT "D"

### Solicitation Procedures

1.     BMC will cause a Solicitation Package or Packages to be mailed by first class mail, postage prepaid, to (i) each Individual Holder, and (ii) each Master Ballot Agent for distribution to Beneficial Owners as of the Record Date, in the manner described below.

2.     Pursuant to Bankruptcy Rules 1007(i) and 3017(e), to permit such mailing and facilitate the transmittal of Solicitation Packages to Individual Holders and Beneficial Owners of Debentures, First Security Bank of Searcy, Arkansas, solely in its capacity as indenture trustee for the Debentures, will be required to provide the following documents to BMC within three (3) business days after the Record Date: (i) a list in appropriate electronic or other format agreed to by BMC containing the names, addresses and holdings of the respective Individual Holders of Debentures as of the Record Date (a "**Record Holder Register**"); and (ii) a list in appropriate electronic or other format agreed to by the Debtors containing the names and addresses of the applicable Master Ballot Agents and, for each Master Ballot Agent, the aggregate holdings of the Beneficial Owners of Debentures for whom such Master Ballot Agent provides services (the "**Master Ballot Agent Register**"). First Security Bank shall cooperate fully with BMC in this process and in substantiating the validity and accuracy of the Record Holder Register and the Master Ballot Agent Register, as applicable.

3.     Not less than twenty eight (28) days prior to the objection deadline for confirmation of the Plan, BMC will send each Individual Holder a Solicitation Package containing the appropriate Individual Ballot. The Individual Ballot must be completed and returned to BMC so that it is received prior to the Voting Deadline.

4.     Upon receipt of the Master Ballot Agent Registers, BMC will (i) contact each Master Ballot Agent to determine the number of Solicitation Packages needed by the Master Ballot Agent for distribution to the applicable Beneficial Owners for whom the Master Ballot Agent performs services and (ii) deliver to each Master Ballot Agent a Master Ballot and the requisite number of Solicitation Packages with the appropriate Individual Ballots.

5.     The Master Ballot Agents will be required to distribute the Solicitation Packages they receive as promptly as possible to the Beneficial Owners for whom they provide services. In particular, to obtain the votes of the Beneficial Owners, the Master Ballot Agents will include as part of each Solicitation Package sent to a Beneficial Owner an Individual Ballot and a return envelope provided by and addressed to the Master Ballot Agent. The Beneficial Owners then must return the Individual Ballots to the Master Ballot Agent in the manner and by the deadline directed by the Master Ballot Agent in the instructions accompanying the Individual Ballots. Upon receipt of the completed Individual Ballots from the Beneficial Owners, the Master Ballot Agent will summarize the votes of its respective Beneficial Owners on a Master Ballot in accordance with the instructions attached to the Master Ballot. *See* Ballots 2C and 5C attached as part of Exhibit B. The Master Ballot Agent must return the Master Ballot to BMC so that it is actually received prior to the Voting Deadline.

6.      The Debtors will cause to be served a copy of the order of the Court approving the Solicitation Procedures described in the Motion, along with a copy of the Motion, on (i) First Security Bank of Searcy, Arkansas, and (ii) each known entity that is serving as a Master Ballot Agent. Upon written request, the Debtors will reimburse such entities (or their agents) in accordance with customary procedures for their reasonable, actual and necessary out of pocket expenses incurred in performing the tasks described above. No other fees, commissions or other remuneration will be payable to any Master Ballot Agent (or their agents or intermediaries) in connection with the distribution of Solicitation Packages to Beneficial Owners or the completion of Master Ballots.

7.      With respect to the tabulation of Ballots cast by Individual Holders and Beneficial Owners of Debentures, the following procedures will apply:

- All Master Ballot Agents will be required to retain the Individual Ballots cast by their respective Beneficial Owners for inspection for a period of six (6) months following the Voting Deadline.

- BMC will compare (i) the votes cast by Individual Holders and Beneficial Owners to (ii) the applicable Record Holder Registers and the Master Ballot Agent Registers, respectively. Votes submitted by an Individual Record Holder on an Individual Ballot will not be counted in excess of the record position in the applicable Debenture for that particular Individual Holder, as identified on a Record Holder Register. Votes submitted by a Master Ballot Agent on a Master Ballot will not be counted in excess of the aggregate position in the Debentures of the Master Ballot Agent, as identified in a Master Ballot Agent Register. The submission of an Individual Ballot or a Master Ballot reflecting an aggregate amount of voting Claims or Interests that exceeds the record position as identified on a Record Holder Register or the aggregate position identified on a Master Ballot Agent Register, respectively, is referred to herein as an "overvote."

- To the extent that an Individual Ballot submitted by an Individual Holder contains an overvote or otherwise conflicts with a Record Holder Register, BMC will tabulate the Individual Record Holder's vote to accept or reject the Plan based upon the verified information contained in the applicable Record Holder Register.

- To the extent that a Master Ballot contains an overvote or votes that otherwise conflict with a Master Ballot Agent Register, BMC will attempt to resolve the overvote or conflicting vote prior to the Voting Deadline.

- To the extent that an overvote or a conflicting vote on a Master Ballot is not reconciled prior to the Voting Deadline, BMC (i) will calculate the respective percentage of the total stated amount of the Master Ballot voted by each respective Beneficial Owner, (ii) will multiply such percentage for each Beneficial Owner by the amount of aggregate holdings for the applicable Master Ballot Agent identified on the applicable Master Ballot Agent Register and (iii) will tabulate votes to accept or reject the Plan based on the result of this calculation. The Debtors reserve the right to challenge the appropriateness of this calculation in any given case by seeking a determination of the Court within three (3)

business days after the final voting results are certified by BMC.

- A single Master Ballot Agent may complete and deliver to BMC multiple Master Ballots summarizing the votes of Beneficial Owners of Debentures.  Votes reflected on multiple Master Ballots will be counted, except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the latest dated Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot.

- The tabulation of votes by Individual Holders and Beneficial Owners will be subject to the additional provisions contained in paragraph 26 of the Motion.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| O&G LEASING, LLC, *et al.* | ) | Case No. 10-01851 EE |
| | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER APPROVING EMPLOYMENT OF VOTING AGENT AND
## SOLICITATION PROCEDURES

THIS CAUSE came before the Court on the *Motion to Approve Employment of Voting Agent and Solicitation Procedures* [Dkt #__] (the "**Motion**") filed by the above captioned debtors and debtors-in-possession ("**Debtors**") in these jointly administered reorganization in aid of the solicitation process to be undertaken in connection with solicitation of acceptances of plans of reorganization in these jointly administered cases. The Court, having considered the Motion, makes the following findings of fact and conclusions of law:

1.      The Motion was duly noticed to all creditors and interested parties in accordance with all applicable Bankruptcy Rules

2.      The Debtors filed their *Plan of Reorganization* [Dkt #__] (the "**Plan**") and an accompanying *Disclosure Statement* [Dkt #__] (the "**Disclosure Statement**") for which approval is being sought pursuant to § 1125 of the Bankruptcy Code.

3.      Employment by the estate of BMC Group, Inc. ("**BMC**") will ensure that the solicitation process is performed correctly, accurately and expediently and will ensure that solicitation in these cases is handled in the most effective and efficient manner.

4.      Employment and retention of BMC, *nunc pro tunc,* pursuant to the terms of the retention agreement dated as of May 4, 2011 (the "**BMC Agreement**"), a copy of which is annexed as Exhibit "A" to the Motion, is fair and reasonable.

1

5.    Based upon the Declaration of Tinamarie Fiel, BMC (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, and (b) does not hold or represent an interest adverse to the Debtors' estates.

6.    BMC's fees and expenses are administrative in nature and may be paid by the Debtors in the ordinary course of business and without further notice or order of the Court

7.    Establishment of a record date and of procedures for solicitation of votes and tabulation of ballots will aid and assist the Debtors in connection with the process of soliciting votes on their *Plan of Reorganization* [Dkt #___] (the "**Plan**"), and the proposals contained in the Motion for establishment of such procedures are appropriate and should be approved as set forth below.

NOW, THEREFORE, based on the foregoing findings of fact and conclusions of law, it is, therefore,

ORDERED that the Motion is hereby granted in full.  It is further

ORDERED that the Debtors are authorized to employ BMC on behalf of the estates to assist and administer the process of solicitation and tabulation of votes, noticing and such other related administrative services as may be requested of and agreed to by BMC, all in accordance with the BMC Agreement the terms of which are also hereby approved.  It is further

ORDERD that the form Ballots attached to the Motion as Exhibit "B" are approved for use by the Debtors in solicitation of votes on their Plan.  It is further

ORDERED that the Solicitation Procedures described in the Motion, including the Debentures Solicitation Procedures contained in Exhibit "D" to the Motion and also attached hereto and incorporated herein by reference, are approved in full.  It is further

ORDERED that the Tabulation Rules defined and set forth in ¶¶ 26 and 27 of the Motion are approved in full.  It is further

ORDERED that any creditor or interested party seeks different treatment of its Claim or Interest for voting purposes, other than in accordance with the Tabulation Rules, such party shall file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such Claim or Interest in a different amount or classification for purposes of voting to accept or reject the Plan (a "**Rule 3018 Motion**") and serve such motion on Debtors' counsel so that it is received by the later of (x) ten (10) days prior to the date established by which votes on the Plan must be received (the "**Voting Deadline**") or (y) ten (10) days after the date of service of a notice of objection, if any, to the applicable Claim or Interest.  Any Ballot submitted by a claimant that files a Rule 3018 Motion will be counted solely in accordance with the Tabulation Rules unless the underlying Claim or Interest is temporarily allowed by order of the Court for voting purposes in a different amount and/or classification, after notice and a hearing. It is further

ORDERED that the court shall establish by separate Order, in accordance with Bankruptcy Rule 3017(d), a record date for determining the holders of 2009 Debentures entitled to receive Solicitation Packages and to vote on the Plan (the "**Record Date**"), that is at least seven (7) days prior to the date that such Solicitation Packages are to be distributed.  It is further

ORDERED that a true and correct copy of the Motion and this Order shall be included in and made a part of the Solicitation Packages.

Order submitted by:

Douglas C. Noble, MS Bar No. 10526
**McCraney, Montagnet & Quin, PLLC**
602 Steed Road • Suite 200
Ridgeland, Mississippi 39157
Telephone:  (601) 707-5725
Facsimile:  (601) 510-2939
Email:  dnoble@mmqlaw.com
www.mmqlaw.com