IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| In re: ) | |
| ) | |
| O&G LEASING, LLC, *et al.* ) | Case No. 10-01851 EE |
| ) | Chapter 11 |
| Debtors. ) | Jointly Administered |
| ) | |

## FIRST FEE APPLICATION OF SUMMIT GROUP PARTNERS

PURSUANT TO 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (the "**Fee Procedures Order**") [Dkt #129], the firm of Summit Group Partners ("**SGP**"), financial advisor for the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), hereby applies for an order allowing it reasonable compensation in the amount of $12,812.50 for the reasonable and necessary legal services SGP has rendered to the Debtors from May 12, 2011 through June 30, 2011 (the "**Fee Period**"). In support of this Application, which constitutes a "Quarterly Fee Application" under the Fee Procedures Order, SGP respectfully states as follows:

### Retention of and Continuing Disinterestedness

1.      On May 21, 2010 (the "**Petition Date**"), the Debtors filed their voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtors have continued in possession of their properties and assets as debtors-in-possession.

1

2.	By order of this Court dated July 21, 2011, the Court approved the Debtors' retention of SGP as financial advisor in these Chapter 11 cases and all related matters (the "**Retention Order**") [Dkt #416].

3.	SGP does not hold or represent any interest adverse to the estates and is a disinterested person as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code, as disclosed in the Affidavit of Kevin Lombardo ("**Affidavit**").

4.	SGP disclosed in the Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts and all other matters required to be disclosed in order to be retained consistent with Rule 2014 and to be paid consistent with Rule 2016.

5.	SGP performed the services for which it seeks compensation

6.	Copies of the previously submitted Monthly Invoices (as defined in the Fee Procedures Order) of SGP issued during the Fee Period constitute the composite Exhibit "A" attached hereto and incorporated herein by reference.  The aggregate amount of fee compensation covered by said Monthly Invoices is the same as requested in this Application.

7.	In accordance with Bankruptcy Rule 2016(b), SGP has neither shared, nor agreed to share, (a) any compensation it has received or may receive with another party or person other than as permitted by Bankruptcy Code § 504(b), or (b) any compensation another person or party has received or may receive in connection with these cases.

8.	This is the first Quarterly Fee Application for allowance of *interim* compensation and reimbursement of expenses filed by SGP in these cases.

9. Pursuant to this Application, SGP requests allowance of compensation in the amount of $12,812.50 in connection with services provided during the Fee Period.

10. This Application is a core proceeding which the Court has jurisdiction to decide pursuant to 28 U.S.C. §§ 157(a), (b) and 1334. The statutory authority for the relief requested by SGP is 11 U.S.C. § 330. This Application has been filed in accordance with Bankruptcy Rule 2016, the Guidelines of the Office of the United States Trustee for the Southern District of Mississippi ("**UST Guidelines**") and the Fee Procedures Order.

### Reasonable and Necessary Services Rendered

11. The professionals who rendered professional services in this case during the Fee Period are reflected on the monthly invoices:

| Professional | Experience | Hourly Rate |
| --- | --- | --- |
| Kevin Lombardo | 7 Years | $250.00 |

12. The rates described above are within the current range of SGP's hourly rates for services of this type during the Fee Period. As evidenced by the Monthly Invoices reflecting a detailed itemization and description of the services that SGP rendered during the Fee Period, the reasonable value of such services is $12,812.50. The individuals of SGP expended a total of 51.25 hours for these cases during the Fee Period. In accordance with the factors enumerated in § 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

13. Further, Exhibit "A" (i) identifies the individuals who rendered services; (ii) describes each activity or service that each individual performed and categorizes the subject

matter for which such service was required; and (iii) states the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services.

### Representations

14. SGP believes that the descriptions set forth in composite Exhibit "A" of work performed are in compliance with all requirements of the Bankruptcy Code and Rules, the UST Guidelines and all applicable procedural requirements of the Court.

15. Although every effort has been made to include all fees and expenses from the Fee Period in this Application, some fees and expenses from the Fee Period might not be included in this application due to delays caused by accounting and processing delays. SGP reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

16. In summary, SGP requests *interim* allowance of an administrative expense claim for compensation for fees and expenses in the total amount of $12,812.50 for reasonable and necessary professional services rendered during the Fee Period as set forth in Exhibit "A".

WHEREFORE, SGP prays that the Court allow SGP an administrative expense claim for the reasonable and necessary professional services SGP has rendered to the Debtors during the Fee Period and authorize payment thereof by the Debtors.

THIS the 21st day of July, 2011.

Respectfully submitted,

**O&G LEASING, LLC,** *et al.*

By:  /s/ *Douglas C. Noble*

Douglas C. Noble, MS Bar No. 10526
**McCraney, Montagnet & Quin, PLLC**
602 Steed Road • Suite 200
Ridgeland, Mississippi 39157
Telephone:  (601) 707-5725
Facsimile:   (601) 510-2939
Email:  dnoble@mmqlaw.com
www.mmqlaw.com

### CERTIFICATE OF SERVICE

I do hereby certify that the foregoing pleading was filed electronically through the Court's CM/ECF system and served electronically on all parties enlisted to receive service electronically and was separately served by e-mail on the following:

| | |
|---|---|
| Ronald H. McAlpin<br>Trial Attorney, Office of the U.S. Trustee<br>ronald.mcalpin@usdoj.gov | Jim F. Spencer<br>WATKINS & EAGER<br>jspencer@watkinseager.com |
| Derek A. Henderson<br>DEREK A. HENDERSON, Attorney at Law<br>d_henderson@bellsouth.net | Robert L. Holladay, Jr.<br>YOUNGWILLIAMS, P.A.<br>robert.holladay@youngwilliams.com |

SO CERTIFIED, this the 21st day of July, 2011.

/s/ *Douglas C. Noble*