## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                           **BANKRUPTCY PROCEEDING**

**O&G LEASING, LLC**                             **CASE NO. 10-01851 EE**

**JOINTLY ADMINISTERED WITH**
**PERFORMANCE DRILLING COMPANY, LLC**
**CASE NO. 10-01852 EE**

---

**WASHINGTON STATE BANK**

**VS.**

**O&G LEASING, LLC AND**
**PERFORMANCE DRILLING COMPANY, LLC**

---

### OBJECTION TO FEE APPLICATIONS

---

COMES NOW Washington State Bank ("WSB"), by and through its attorney, and files this its Objection to Fee Applications:

    a)    First Fee Application of Summit Group Partners (Docket No. 417) requesting compensation in the amount of $12,812.50;

    b)    Fourth Fee Application of Lefoldt & Company (Docket No. 418) requesting compensation in the amount of $1,665.00;

    c)    Fourth Fee Application of McCraney, Montagnet & Quin, PLLC (Docket No. 419) requesting compensation in the amount of $75,842.25 and reimbursement of expenses in the amount of $664.89; and

    d)    Fourth Fee Application of Young Williams, PA (Docket No. 420) requesting compensation in the amount of $120,568.25 and reimbursement of expenses in the

amount of $1,591.67;

and in support thereof would show unto the Court the following:

1.

On May 21, 2010, O&G Leasing, LLC ("O&G") filed its petition under Chapter 11 of the United States Bankruptcy Code before the United States Bankruptcy Court for the Southern District of Mississippi. O&G has continued its business operations in the Chapter 11 proceeding as Debtor-In-Possession.

2.

On May 21, 2010, Performance Drilling Company, LLC ("Performance") filed its petition under Chapter 11 of the United States Bankruptcy Code before the United States Bankruptcy Court for the Southern District of Mississippi. Performance has continued its business operations in the Chapter 11 proceeding as Debtor-In-Possession.

3.

On May 27, 2010, the Court entered its Order Granting Motion for Joint Administration for the two bankruptcy cases with O&G being the lead case.

4.

Prior to the filing of the bankruptcy petition, on December 5, 2008, O&G executed a promissory note to WSB in the principal amount of $5,250,000.00. The note was secured by Rig #48, related equipment and all revenues from Rig #48. WSB also received a guaranty from Performance and Ben O. Turnage.

5.

As of June 29, 2010, WSB was owed $4,463,557.69. At the time of this Motion, the WSB

debt had grown to $4,991,849.57. <u>In the past fourteen (14) months since the filing of the bankruptcy</u>

<u>petition, WSB has been paid nothing</u>. As a matter of fact, the Debtor has not paid any funds to First

Security Bank, Indenture Trustee either, which is a $38 million creditor.

6.

What the Debtor has paid are administrative fees and expenses including, but not limited to,

the following:

| | | |
|---|---|---|
| McCraney, Montagnet & Quin | | |
| Legal Fees | | |
| Four (4) Fee Applications | | $258,953.99 |
| | | |
| Young Williams | | |
| Legal Fees | | |
| Four (4) Fee Applications | | $430,584.15 |
| | | |
| Jones Walker | | |
| Legal Fees | | $12,569.91 |
| | | |
| Lefoldt & Co. | | |
| Accounting Fees | | |
| Four (4) Fee Applications | | $81,265.50 |
| | | |
| Summit Group Partners | | |
| Accounting/Financial Fees | | $12,812.50 |
| | | |
| Dell Group (insider) | | |
| Management Fees | | |
| $45,000/month x 14 months | | <u>$630,000.00</u> |
| | Total: | $1,426,186.05 |

This $1.4 million is in addition to all the actual operating expenses.

7.

On July 1, 2011, the Debtor filed its Disclosure Statement and Plan of Reorganization. In

short, the Debtor can not get its Plan confirmed. The Debtor has spent over $1.4 million in

professional and management fees with no payments to creditors and no likelihood of payment in the near future.

8.

This mountain of fees is not necessary to put together a plan that cannot be confirmed.

9.

At the first of this case, the Debtor requested and obtained an Order establishing a procedure to bill and be paid on a monthly basis (Docket No. 129). Over the last fourteen (14) months the professionals and management fees are all that have been paid. Section 331 allows interim compensation with professionals to file the appropriate applications only once ever 120 days. Until some progress can be made which could justify monthly payments, the professionals should be directed to follow Section 331. This is the same as other parties are having to do; which is to follow the Bankruptcy Code requirements.

10.

As noted above, Young Williams has requested and/or been paid $430,584.15. Early in the case Young Williams filed its Application and Affidavit for Employment (Docket No. 27) and received its Order Granting Employment on May 27, 2010 (Docket No. 35). However, in December 2010, Young Williams began representation of Ben Turnage in a lawsuit filed by WSB in Louisiana State Court. The case was removed to federal court in Louisiana and then transferred to this Court (Adversary Proceeding No. 11-00047). In the representation of Turnage, Young Williams has asserted as follows:

"The plaintiff [WSB] is seeking to collect a disputed amount on a loan to which the defendant [Turnage] is a guarantor. The principal obligor on the loan is O&G.

O&G's estate is being administered by the Bankruptcy Court for the Southern District of Mississippi. The loan instrument on which this action is based is the obligation of the bankruptcy estate. A judgment, and satisfaction of judgment, against the defendant would result in one claimant against the estate, the plaintiff, being compensated in a manner different from other claimants, and would result in the defendant becoming a new claimant against the bankruptcy estate. Accordingly, the present action is 'related to' the Mississippi bankruptcy action, and should be referred to the Bankruptcy Court."

(See Turnage's Memorandum in Support of Motion to Transfer Case to Bankruptcy Court filed in *Washington State Bank v. Turnage, United States District Court for the Western District of Louisiana, Case No. 6:11-cv-0004-TLM-PJH*, Page 2 and 3, Docket No. 12-2)

Thus, by their own admission, Young Williams represents Turnage, a creditor with a claim up to almost $5 million against the Debtor.

## 11.

The Debtor has submitted a Plan which does not propose to pay WSB in full. Therefore, even if the Debtor was able to confirm its Plan and pay WSB, there is still a claim WSB will pursue against Turnage. And, according to Turnage, he will in turn have a claim against the Debtor (at least that is what has been represented to the Louisiana District Court in having the case transferred).

## 12.

Now, the Debtor's Plan (submitted by Young Williams) does not provide for any indemnity claims of Turnage to be paid by the Debtor. Therefore, it appears that in the Louisiana District Court, Turnage is entitled to indemnity and is a creditor. But in the United States Bankruptcy Court,

Turnage is not a creditor and not entitled to indemnity. This is because, as everyone knows, Young Williams cannot represent a creditor of the bankruptcy estate and at the same time be representing the Debtor. There has to be a formal disclosure by Young Williams if there is representation of Turnage and that he is a creditor. Since this has not been done, WSB would have to conclude that the representations in the Louisiana District Court are not true and Turnage is not a creditor.

13.

On the other hand, if Turnage is a creditor of up to $5 million, Young Williams has not disclosed that information or the questions of disinterestedness to the Court, the creditors of the bankruptcy estate or the Office of the United States Trustee. This Court will have to deal with that issue as it sees fit but, results can be severe (11 U.S.C. §328(e)). (See *In re Fish & Fisher, Inc.*, 2010 WL 5256992 (Bankr. S.D. Miss. Dec. 17, 2010); also found *In re Fish & Fisher, Inc.*, Bankruptcy Case No. 09-02747 EE, United States Bankruptcy Court for the Southern District of Mississippi, Docket No. 409).

14.

It is noted that the Disclosure Statement and Plan submitted by the Debtor and filed by Young Williams does provide for (i) Turnage to remain the manager of the Debtors, (ii) Turnage to be compensated through Dell Group, (iii) Turnage to receive a possible injunction for protection, (iv) Turnage to be granted a full and complete release by the Debtor, and (v) Turnage to be completely exculpated. The "Exculpation" provision in the Plan violates applicable Fifth Circuit Law. *See In re Pacific Lumber Co.,* 2009 WL 3082066, at *16 (5th Cir. Sept. 29, 2009). In *Pacific Lumber*, the court held that exculpation cannot extend to the Debtor's officers and directors. *See In re Pacific Lumber Co.*, 2009 WL 3082066, at *16 ("the essential function of the exculpation clause proposed

here is to absolve the released parties [which include the debtors' officers and directors] from any negligent conduct that occurred during the course of the bankruptcy. The fresh start §524(e) provides to debtors is not intended to serve this purpose.") Further, consistent with *Pacific Lumber*, the Plan should not release any non-debtor third parties, including the Debtor's officers or directors (Turnage). So why are these things being proposed for Turnage, a separate client of Debtors' counsel?

15.

Also, while the law firm of McCraney, Montagnet & Quin ("MM&Q") evidently has no direct representation of Turnage, MM&Q is co-counsel with Young Williams in the bankruptcy proceeding. MM&Q has had knowledge regarding Young Williams' dual representation. As co-counsel, MM&Q may have the same obligations of disclosure as Young Williams, or at least a disclosure obligation to the Debtor and the bankruptcy estate creditors and interested parties to provide the appropriate and correct information. Since MM&Q and Young Williams are both Debtors' counsel and co-counsel, they have the same duties and obligations.

WHEREFORE, Washington State Bank requests the Court to find that its Objection to Fee Applications is well taken and should be sustained. Fees should not be paid on a monthly basis until progress for a confirmable plan is made, secured creditors are paid and issues regarding Debtors' counsel are resolved.

Respectfully submitted,

WASHINGTON STATE BANK

BY:    s / Derek A. Henderson
       DEREK A. HENDERSON
       ATTORNEY FOR WASHINGTON STATE BANK

## CERTIFICATE OF SERVICE

I, DEREK A. HENDERSON, do hereby certify that I have this date served the foregoing

Objection to Fee Applications, via the ECF Notification Service, which provides electronic notice

to the all parties of record and the following:

O&G Leasing, LLC
125 S. Congress St, Ste 1610
Jackson, MS 39201

Performance Drilling, LLC
816 N. College St.
Brandon, MS 39042

Douglas C. Noble
McCraney, Montagnet & Quinn
602 Steed Rd, Ste 200
Ridgeland, MS 39157

Robert L. Holladay, Jr.
Young Williams
PO Box 23059
Jackson, MS 39225-3059

Office of the United States Trustee
501 E. Court Street
Suite 6-430
Jackson, MS 39201

This, the 3rd day of August, 2011.

s / Derek A. Henderson
DEREK A. HENDERSON

**DEREK A. HENDERSON, MSB #2260**
**111 East Capitol Street, Suite 455**
**Jackson, Mississippi 39201**
**(601) 948-3167**
**d_henderson@bellsouth.net**