**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **O&G LEASING, LLC,** | ) | **Case No. 10-01851 EE** |
| **PERFORMANCE DRILLING COMPANY, LLC,** | ) | **Case No. 10-01852 EE** |
| | ) | **Chapter 11** |
| **Debtors** | ) | **Jointly Administered** |

**PROPOSED SALES PROCEDURES**[1]

Pursuant to the terms of the *Indenture Trustee's Proposed Chapter 11 Plan for O&G Leasing, LLC and Performance Drilling Company, LLC*, First Security Bank, as Indenture Trustee, (the "Indenture Trustee"), proposed its Chapter 11 Plan (the "Plan") for O&G Leasing, LLC ("O&G") and Performance Drilling Company, LLC ("PDC") (PDC and O&G are collectively referred to as the "Debtors"), pursuant to 11 U.S.C. § 1121(b), in which the Indenture Trustee sought, among other things, the sale of substantially all of the Purchased Assets (as defined below) related thereto. Pursuant to the Plan, the Indenture Trustee has filed and will seek approval by the United States Bankruptcy Court for the Southern District of Mississippi (the "Bankruptcy Court") for the entry of an order (the "Sales Procedures Order"), authorizing and directing the marketing of the Debtors' Assets through the sales and procedures described below (the "Sales Procedures").

**I.     Stalking Horse Bid**

The Indenture Trustee has negotiated an Asset Purchase Agreement (collectively with all ancillary documents and agreements, the "Asset Purchase Agreement") with SolstenXP Drilling, LLC, the Proposed Purchaser (the "Purchaser") that is and shall be wholly-owned by SolstenXP Venture Funding, LLC, which contemplates a set of related transactions (collectively, the "Sale Transaction") for the sale of the Purchased Assets (as defined herein) to the Purchaser, subject to Bankruptcy Court approval, for certain cash contributions (the "Cash Contribution") and other valuable consideration described in the Asset Purchase Agreement.

**II.    Break-up Fee**

In the event that at or prior to the Sale Hearing, another party presents a competing offer which constitutes a higher or better offer which is approved by the Bankruptcy Court as the successful bid, or in the event the Debtors' competing Chapter 11 Plan (the "Debtors' Plan") is confirmed, or in the event that at the Auction a party presents a competing offer which constitutes a higher or better offer which is accepted by the Indenture Trustee (an "Alternate Transaction"), then upon sale of the Property to such party, Purchaser shall be entitled to payment of a fee (the "Break-Up Fee") in an amount equal to Five Hundred Thousand Dollars ($500,000.00), which

---

[1]     Capitalized terms not otherwise defined herein shall have the respective meanings given to them in the Chapter 11 Plan filed herein by First Security Bank, as Indenture Trustee, and all Exhibits thereto.

- 1 -

Break-Up Fee is intended to reimburse Purchaser for time, effort, and expenses incurred entering into and prosecuting this transaction, including but not limited to Purchaser's due diligence, travel, out-of-pocket expenses, and professional fees and costs. The Break-Up Fee and the return of Purchaser's Earnest Money Deposit shall be Purchaser's sole remedy in the event of the consummation of an Alternative Transaction. The Break-Up Fee shall be paid in Cash from the proceeds of and concurrent with the closing of the Alternative Transaction or as an Allowed Administrative Claim on the effective date of the Debtors' Plan in the event the Debtors' Plan is confirmed.

### III.  Important Dates for Potential Competing Bidders

These Sales Procedures provide for an opportunity for other interested parties to submit competing bids for all or substantially all of the Purchased Assets and to qualify and participate in the Auction. The Indenture Trustee, in consultation with the Office of the United States Trustee, shall:

(a) assist Potential Bidders (as defined below) in conducting their respective due diligence investigations and accept Bids (as defined below) until 5:00 p.m., Central Time, on _____ ___, 2011[2];

(b) negotiate with any Qualified Bidders (as defined below) in advance of the Sale Hearing to be conducted on _____ ___, 2011[3];

(c) if there are Qualified Bidders for all or substantially all of the Purchased Assets in addition to the Purchaser, identify one bid (or group of bids) as the Lead Bid (as defined below) for presentation to the Bankruptcy Court and, if necessary, conduct an Auction among Qualified Bidders to be held on _____ ___, 2011[4] to identify the Successful Bid; and

(d) seek authority to sell all or substantially all of the Purchased Assets to the Successful Bidder(s) (as defined below) at the Sale Hearing.

### IV.  Assets to Be Sold

The Debtors seek to sell substantially all of the Debtors' tangible, intangible and operating assets, defined as the "Purchased Assets" in Section _____ of the Asset Purchase Agreement, including all of the assets of the Debtors described in their Schedules of Assets and Liabilities (as amended) [*Dkt. # 87, 251, 255*] and their Disclosure Statement for Debtors' Plan of Reorganization (the "Debtors' Disclosure Statement") [Dkt. # 408] and other assets used in or

---

[2] The dates for all deadlines, auctions, and hearings will be set subsequently by Order of the Bankruptcy Court.

[3] The Indenture Trustee will request that the Sale Hearing be conducted simultaneously and in conjunction with the Confirmation Hearing on the Chapter 11 Plans filed by the Debtors and the Indenture Trustee.

[4] The Indenture Trustee will request that the Auction will be set on the business day immediately preceding the date of the Sale Hearing.

necessary to the Debtors' drilling operations or related thereto (collectively, as defined in the Asset Purchase Agreement, the "Purchased Assets").

## V. The Bidding Process

The Indenture Trustee shall: (a) coordinate the efforts of Potential Bidders (as defined below) in conducting their respective due diligence investigations regarding the Purchased Assets; (b) with the assistance of its financial advisor, S. Blake Murchison of R.M. Duncan Consulting (the "Indenture Trustee's Financial Advisor")[5], determine whether any person or entity is a Qualified Bidder (as defined below); (c) receive and evaluate bids from Qualified Bidders; and (d) negotiate any Qualified Bids. The foregoing activities are referred to, collectively, as the "Bidding Process." Any person or entity who wishes to participate in the Bidding Process must meet the participation requirements for Potential Bidders below and must thereafter submit a Qualified Bid to become a Qualified Bidder. Except as provided by applicable law or court order, neither the Indenture Trustee nor their representatives shall be obligated to furnish any information of any kind whatsoever relating to the Purchased Assets to any person or entity who does not comply with the participation requirements below.

## VI. Participation Requirements

Unless otherwise ordered by the Bankruptcy Court for cause shown, to participate in the Bidding Process, each interested person or entity (a "Potential Bidder") must deliver the following documents (the "Participation Materials") to the Indenture Trustee's Financial Advisor:

(a) An executed confidentiality agreement in form and substance satisfactory to the Indenture Trustee; and

(b) A statement demonstrating, to the satisfaction of the Indenture Trustee, a *bona fide* interest in purchasing the Purchased Assets, or a substantial portion thereof, from the Debtors' bankruptcy estates.

The Participation Materials must be transmitted by the Potential Bidder so as to be received by the Indenture Trustee's Financial Advisor no later than 5:00 p.m., Central Time, on _____ __, 2011.[6]

If the Indenture Trustee determines, in consultation with the Indenture Trustee's Financial Advisor, that a potential bidder has a bona fide interest in the Purchased Assets or a substantial portion thereof, then no later than two business days after the Indenture Trustee makes that determination and has received from a Potential Bidder all of the Participation Materials, the Debtors and/or the Indenture Trustee will deliver to the Potential Bidder: (a) a

---

[5] The Indenture Trustee reserves the right to retain an additional financial advisor or investment banker to assist in the marketing and sale of the Purchased Assets. If and when any such financial advisor or investment banker is retained, it is to be included within the defined term "Indenture Trustee's Financial Advisor."

[6] This date will be set by the Bankruptcy Court but the Indenture Trustee will request that this deadline be on or about October 31, 2011.

confidential memorandum containing information and financial data with respect to the Purchased Assets (the "Confidential Memorandum"); (b) an electronic copy of the Asset Purchase Agreement; and (c) access to confidential data concerning the Purchased Assets (the "Data").

## VII. Due Diligence

Until the Bid Deadline (as defined below), the Debtors will afford any Potential Bidder such due diligence access or additional information as may be reasonably requested by the Potential Bidder and that are reasonable and appropriate under the circumstances. All additional due diligence requests shall be directed to Indenture Trustee's Financial Advisor, who, with the assistance of the Debtors' Financial Advisor, shall coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders. If the Indenture Trustee's Financial Advisor determines that due diligence material requested by a Potential Bidder is reasonable and appropriate under the circumstances, but such material has not previously been provided to any other Potential Bidder, the Debtors' Financial Advisor shall make such materials available to the Potential Bidder and provide email notice of the availability of such materials to all Potential Bidders, as well as to the Indenture Trustee and the Debtors.

Unless otherwise determined by the Indenture Trustee's Financial Advisor, the availability of additional due diligence to a Potential Bidder will cease on the earlier of (a) the time that the Potential Bidder fails to become a Qualified Bidder, (b) the Bid Deadline or (c) the time that the Bidding Process is terminated in accordance with its terms.

## VIII. Bid Deadline

A Potential Bidder that desires to make a bid shall deliver written and electronic copies of its bid to the Notice Parties so as to be received not later than 5:00 p.m., Central Time, on _____ ___, 2011 (the "Bid Deadline").[7]

## IX. Bid Requirements

To participate in the Auction, if any, a Qualified Bidder must deliver to the Indenture Trustee's Financial Advisor and to the Debtors' Financial Advisor a written offer, which must provide, at a minimum, the items noted below to be deemed a "Qualified Bid":

(a) The Potential Bidder offers to purchase the Purchased Assets, or a substantial portion thereof, from the Debtors' Estates at the purchase price and upon the terms and conditions set forth in an executed agreement in substantially the form of the Asset Purchase Agreement, which shall be executed by the Potential Bidder and submitted together with a black-lined copy showing any proposed changes, amendments and modifications to the Asset Purchase Agreement (the "Marked Agreement");

---

[7] This date will be set by the Bankruptcy Court, but the Indenture Trustee will request that the Bid Deadline be seven days before the date of the Sale Hearing.

(b) The bid is not subject to any due diligence or financing contingency and is irrevocable until five business days following the closing of the Sale Transaction with the Successful Bidder (as defined below);

(c) The purchase price in such bid is a higher and better offer for the Purchased Assets, and such offer shall not be considered a higher or better offer unless such bid provides for net consideration to the Debtors' estates of at least $250,000 in cash in excess of the amount of the Cash Contribution as provided in the Purchased Agreement, and on the same or more favorable terms as provided in the Asset Purchase Agreement, plus the amount of the Breakup Fee approved by the Bankruptcy Court (the "Minimum Overbid Purchase Price");

(d) The bid is received by the Bid Deadline;

(e) The bid does not entitle a bidder to any break-up fee, termination fee or similar type of payment or reimbursement; and

(f) The bid is accompanied by a list of any executory contracts or unexpired leases that are to be assumed and/or assigned under such bid and provide adequate assurance of future performance under any such executory contracts or unexpired leases to be assumed and/or assigned pursuant to such bid.

A Potential Bidder shall accompany its bid with: (a) written evidence of available cash, a commitment for financing or ability to obtain a satisfactory commitment if selected as the Successful Bidder or the Backup Bidder (as defined below) and such other evidence of ability to consummate the Sale Transaction as the Debtors may reasonably request; (b) a copy of a board resolution or similar document demonstrating the authority of the Potential Bidder to make a binding and irrevocable bid on the terms proposed; and (c) any pertinent factual information regarding the Potential Bidder's operations that would assist the Debtors in their analysis of issues arising with respect to any applicable antitrust laws or other aspects of the bid.

No later than the Bid Deadline, a Potential Bidder must transfer to Jim F. Spencer, Esq., Watkins & Eager, Suite 300, The Emporium Building, 400 East Capitol Street, Jackson, Mississippi 39201, attorney for the Indenture Trustee (the "Deposit Agent") a cash deposit (the "Good Faith Deposit") equal to 10% of the purchase price set forth in the Marked Agreement, to be held in the trust account of the Deposit Agent. The Good Faith Deposit must be made by certified check or wire transfer and will be held by the Deposit Agent in accordance with the terms of the Escrow Agreement to be provided with the Asset Purchase Agreement.

A bid received from a Potential Bidder will be considered a "Qualified Bid" if (a) it meets the above requirements or (b) after consultation with the Indenture Trustee's Financial Advisor, it is determined by the Indenture Trustee to be a Qualified Bid. Each Potential Bidder that submits a Qualified Bid will be considered a "Qualified Bidder." For purposes hereof, the Purchaser is a Qualified Bidder and the Asset Purchase Agreement executed by the Purchaser is a Qualified Bid.

Within one business day after the Indenture Trustee's Financial Advisor determines that a bid is a Qualified Bid, the Indenture Trustee's Financial Advisor shall distribute a copy of such

bid by e-mail, hand delivery or overnight courier to each of the following persons or entities (collectively, the "Notice Parties").

    (a)    the Indenture Trustee, First Security Bank, c/o:

> Jim F. Spencer, Esq.
> C. Joyce Hall, Esq.
> Watkins & Eager
> Suite 300, Emporium Building
> 400 East Capitol Street
> Jackson, MS 39201
> (601) 965-1976
> jspencer@watkinseager.com
> jhall@watkinseager.com
>
> Stephen W. Rosenblatt, Esq.
> Butler, Snow, O'Mara, Stevens & Cannada, PLLC
> 1020 Highland Colony Parkway, Suite 1400
> Ridgeland, MS 39157
> (601) 985-4504
> steve.rosenblatt@butlersnow.com
>
> Steve Jakubowski, Esq.
> The Coleman Law Firm
> 77 West Wacker Drive, Suite 4800
> Chicago, Illinois 60601
> (312) 606-8641
> sjakubowski@colemanlawfirm.com

    (b)    the Debtors, c/o:

> Douglas C. Noble, Esq.
> McCraney Montagnet & Quin PLLC
> 602 Steed Road, Suite 200
> Ridgeland, MS 39157
> (601) 707-5725
> dnoble@mmglaw.com
>
> Robert L. Holladay, Jr., Esq.
> Young Williams P.A.
> Suite 2000, Regions Plaza
> 210 East Capitol Street
> Jackson, MS 39201
> (601) 948-6100
> Rob.Holladay@youngwilliams.com

(c) Washington State Bank, c/o Derek A. Henderson, 111 East Capitol Street Suite 455, Jackson, MS 39201-2403, (601) 948-3167, d_henderson@bellsouth.net;

(d) S. Blake Murchison, R.M. Duncan Consulting, 501 N. University Ste 101, Little Rock AR 72205, (501) 951-5211, sbmurchison@comcast.net;

(e) Summit Group Partners as Financial Advisor for the Debtors, at 10037 South Sylvestor Road, Highlands Ranch, CO 80129, (303) 641-8794, kevinplombardo@aol.com (the "Debtors' Financial Advisor");

(f) the Office of the United States Trustee for the Southern District of Mississippi (the "U.S. Trustee"), Ronald H. McAlpin, Esq., Assistant U. S. Trustee, United States Department of Justice, 501 East Court Street, Suite 6-430, Jackson, MS 39201, (601) 965-5247, ronald.mcalpin@usdoj.gov;

(g) United States Attorney's Office, Southern District of Mississippi, Assistant United States Attorney, David N. Usry, Esq., 501 East Court St., Suite 4.430, Jackson, MS 39201, (601)-973-2836, David.Usry@usdoj.gov; and

(h) the Purchaser, SolstenXP Drilling, LLC, c/o Michelle L. Boutin, Esq., Jermain, Dunnagan & Owens, 3000 A Street, Suite 300, Anchorage, Alaska 99503, (907) 563-8844, mboutin@jdolaw.com.

The Indenture Trustee's Financial Advisor, in its sole discretion, but without any obligated to do so, may provide copies of all Qualified Bids to any of the other Qualified Bidders after the Bid Deadline.

The Indenture Trustee's Financial Advisor reserves the right to reject any bid if such bid:

(a) is on terms that are materially more burdensome or conditional than the terms of the Asset Purchase Agreement;

(b) requires any indemnification of such Qualified Bidder on terms that are materially more burdensome or conditional than the terms of the Asset Purchase Agreement; or

(c) includes a non-cash instrument or similar consideration that is not freely marketable.

Any bid rejected pursuant to this paragraph shall not be deemed to be a Qualified Bid.

## X. Determination of Lead Bid

After consultation with the Indenture Trustee's Financial Advisor, the Indenture Trustee will review and evaluate each Qualified Bid on the basis of financial and contractual terms, including any benefit to the Debtors' Estates from any proposal to assume liabilities of the Debtors, and other factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the Sale Transaction. A Qualified Bid will be valued based upon

factors such as: (a) the purported amount of the Qualified Bid, including any benefit to the Debtors' Estates from any assumption of liabilities of the Debtors; (b) the fair value to be provided to the Debtors under the Qualified Bid; (c) the extent to which the Qualified Bid is entirely for Cash Consideration and the timing of such payments; (d) the ability to close the proposed Sale Transaction without delay and within the timeframes contemplated by the Asset Purchase Agreement; (e) the ability to obtain all necessary regulatory approvals, if any, for the proposed transaction; and (f) any other factors the Indenture Trustee's Financial Advisor may deem relevant. The Indenture Trustee's Financial Advisor also may negotiate with Qualified Bidders to clarify or enhance their bids (the "Bid Negotiation Process"). Any such clarifications or enhancements shall be promptly provided by the Indenture Trustee's Financial Advisor to the Notice Parties and, in the sole discretion of the Indenture Trustee's Financial Advisor, to the other Qualified Bidders.

After completing any Bid Negotiation Process, the Indenture Trustee, in its reasonable business judgment and after consultation with the Indenture Trustee's Financial Advisor, shall designate the highest and best of the Qualified Bids received (including any improved bids obtained from Qualified Bidders as part of the Bid Negotiation Process) as the best offer, considering all of the factors mentioned above (collectively, the "Bid Determination Procedures"). That offer shall be designated as the "Lead Bid" and the Qualified Bidder making such bid, the "Lead Bidder." The Indenture Trustee also will identify the second best offer in accordance with the Bid Determination Procedures, which shall be designated as the "Secondary Bid" and the Qualified Bidder making such bid, the "Secondary Bidder." The Indenture Trustee shall notify all Qualified Bidders and other Notice Parties, prior to the Sale Hearing, of the designation of the Lead Bid and Secondary Bid, and the amount and other material terms of such bids. The Indenture Trustee shall file a notice of the designation of the Lead Bid and the Secondary Bid with the Court, including a copy of such bids, no later than 12:00 p.m., Central Time, on _____ ___, 2011.[8]

If no additional Qualified Bids are received by the Bid Deadline, then (a) no Lead Bid or Secondary Bid will be designated, (b) the Purchaser's Qualified Bid shall be designated as the Successful Bid consistent with Section XII below, and (c) the Indenture Trustee shall file a notice of the foregoing within two business days after the Bid Deadline.

## XI. The Potential Auction

If any additional Qualified Bids are received on or before the Bid Deadline, the Indenture Trustee shall identify the Lead Bid and Lead Bidder, and the Secondary Bid and Secondary Bidder, at the outset of the Auction. The Indenture Trustee shall offer other Qualified Bidders to state on the record whether they wish to enhance their bids to top the Lead Bid (a "Topping Bid"). If any other Qualified Bidder, including the Secondary Bidder, expresses an interest in bidding against the Lead Bid by submitting a Topping Bid, the Indenture Trustee shall conduct an auction (the "Auction") in which only Qualified Bidders may participate. If no other Qualified Bids are received in the Bid Process or if no Qualified Bidders express an interest in

---

[8] This date will be set by the Bankruptcy Court, but the Indenture Trustee will request that the designation of the Lead Bid and the Secondary Bid be filed at least two business days prior to the Auction.

providing a Topping Bid, no Auction will be conducted. In each case, the designation of the Successful Bid and the Backup Bid (if any) will be made consistent with Section XII below.

Additional rules for the conduct of the Auction shall be determined by the Indenture Trustee in its business judgment, in consultation with the Indenture Trustee's Financial Advisor, based on the number and nature of the Qualified Bidders participating in the Auction and the terms and conditions contained in their Qualified Bids. These additional auction rules will be Filed with the Bankruptcy Court in the Cases at least one business day before the outset of the Auction.

If the Asset Purchase Agreement with the Purchaser is the only Qualified Bid submitted by the Bid Deadline, the Indenture Trustee will not hold an Auction but instead shall request at the Sale Hearing that the Court approve the Asset Purchase Agreement with the Purchaser.

## XII.    The Successful Bid

At the conclusion of any Auction, the highest and best bid, as determined by the Indenture Trustee consistent with the Sales Procedures, shall be designated as the "Successful Bid" and the second highest and best bid as the "Backup Bid." If additional Qualified Bids are received but no Auction is conducted, the Lead Bid shall be designated as the Successful Bid and the Secondary Bid shall be designated as the Backup Bid. If no Qualified Bids are received other than the Asset Purchase Agreement, the Asset Purchase Agreement shall be designated as the Successful Bid, and there shall be no Auction and no Backup Bid. The bidder making the Successful Bid is referred to as the "Successful Bidder" and the bidder making any Backup Bid is referred to as the "Backup Bidder."

## XIII.    The Sale Hearing

The Successful Bid will be presented to the Bankruptcy Court for approval at the Sale Hearing. If no other Qualified Bid is received by the Indenture Trustee so that the Purchaser's original Asset Purchase Agreement is the Successful Bid, then the Indenture Trustee anticipates that it will seek entry of an Order at the Sale Hearing authorizing and approving the Sale Transaction, including the sale of the Purchased Assets to the Purchaser pursuant to the terms and conditions set forth in the Asset Purchase Agreement. If some other Qualified Bid is the Successful Bid, then the Indenture Trustee anticipates that it would seek the entry of an order, modified as necessary to reflect the terms of the Successful Bid, authorizing and approving the sale of the applicable Purchased Assets to the Successful Bidder and directing the Debtors to execute such documents as are necessary to effectuate the sale of the Purchased Assets to the Successful Bidder. The Sale Hearing may be adjourned or rescheduled by the Court without notice, other than by an announcement of such adjournment at the Sale Hearing.

Unless the Bankruptcy Court orders otherwise, the Sale Hearing shall be an evidentiary hearing on all matters relating to the proposed sale, and parties shall be prepared to present their evidence in support of or in opposition to the proposed sale at the Sale Hearing. As noted earlier, the Indenture Trustee will request the Bankruptcy Court to conduct the Sale Hearing simultaneous and in conjunction with the Confirmation Hearings on the Chapter 11 Plans of the Debtors and the Indenture Trustee.

### XIV. The Backup Bid

If, for any reason, the Successful Bidder fails to consummate the purchase of the Purchased Assets within fourteen days after the Sale Order becomes final, the Backup Bid automatically will be deemed to be the highest and best bid and be treated as the Successful Bid. In the event the Successful Bidder does not close by the deadline set forth in the Sale Order, its deposit shall be forfeited and the Backup Bidder will become the Successful Bidder, and the Debtors shall be authorized and directed to effect the sale, assignment and transfer of the applicable Purchased Assets to the Backup Bidder (now Successful Bidder) as soon as is commercially reasonable without further order of the Bankruptcy Court as if such Backup Bidder were the Successful Bidder in accordance with Section XII above.

### XV. "As Is, Where Is"

The Sale Transaction shall be on an "as is, where is" basis and without representations or warranties of any kind, nature or description by the Debtors, the Indenture Trustee, their agents or representatives, except to the extent expressly set forth in the Asset Purchase Agreement or the Marked Agreement corresponding to the Successful Bid, as the case may be. Except as otherwise provided in the Successful Bid or such other bid which may ultimately be consummated in the sale of the Purchased Assets or a substantial portion thereof, all of the Debtors' right, title and interest in and to the Purchased Assets shall be sold free and clear pursuant to 11 U.S.C. § 363(f) of all liens, claims (as such term is defined by section 101(5) of the Bankruptcy Code), encumbrances, rights, title, interests, remedies, restrictions, interests, liabilities, and contractual commitments of any kind or nature whatsoever, whether arising before or after the Petition Date, whether at law or in equity, including all rights, interests, or claims based on any successor or transferee liability, all environmental claims, all change in control provisions, all rights to object or consent to the effectiveness of the transfer of the Purchased Assets to the Purchaser or to be excused from accepting performance by the Purchaser or performing for the benefit of the Purchaser under any assumed contract or lease and all rights at law or in equity (collectively, "Interests"), all as may more specifically be set forth and defined in the Sale Order approving the Sale Transaction, with such Interests to attach to the proceeds of the sale in the same order and priority and to the same extend and validity as they existed with respect to the Purchased Assets.

### XVI. Modification of Procedures

If necessary to satisfy their fiduciary duties or address the facts and circumstances presented, the Indenture Trustee may, after consultation with the Indenture Trustee's Financial Advisor and the United States Trustee, the Purchaser, and such other persons as the Indenture Trustee deems appropriate, amend these Sales Procedures or the Bidding Process at any time in any manner that will best promote the goals of the Bidding Process.

### XVII. Return of Good Faith Deposit

The Good Faith Deposits of all Qualified Bidders shall be held in escrow by the Deposit Agent and shall not become property of the Debtors' Estates absent further order of the Bankruptcy Court. If a Successful Bidder and/or a Backup Bidder are chosen, the Good Faith Deposit of the Successful Bidder and the Backup Bidder will be retained by the Deposit Agent,

notwithstanding the Bankruptcy Court's approval of the Sale Transaction, until the earlier of (a) the Closing of the Sale Transaction or (b) the termination of the applicable Asset Purchase Agreement and withdrawal of the Purchased Assets for sale by the Indenture Trustee, but in no event shall the Good Faith Deposit be held by the Deposit Agent for greater than 30 days following the conclusion of the Sale Hearing.  At the closing of the Sale Transaction contemplated by the Successful Bid, any Backup Bidder's Good Faith Deposit shall be returned to the Backup Bidder so that it is received within one (1) business day, and the Successful Bidder will be entitled to a credit for the amount of its Good Faith Deposit in accordance with the Successful Bid or to substitute the consideration called for by the applicable Asset Purchase Agreement and receive the return of the Good Faith Deposit.  All Good Faith Deposits of all Qualified Bidders who are not the Successful Bidder or the Backup Bidder will be returned the next business day following the conclusion of the Sale Hearing.

Jackson 6742728V1