IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                               BANKRUPTCY PROCEEDING

**O&G LEASING, LLC**                                    **CASE NO. 10-01851 EE**

**JOINTLY ADMINISTERED WITH
PERFORMANCE DRILLING COMPANY, LLC
CASE NO. 10-01852 EE**

---

**WASHINGTON STATE BANK**

**VS.**

**O&G LEASING, LLC AND
PERFORMANCE DRILLING COMPANY, LLC**

---

**SUPPLEMENT TO OBJECTION TO FEE APPLICATIONS**

---

COMES NOW Washington State Bank ("WSB"), by and through its attorney, and files this its Supplement to Objection to Fee Applications (Docket No. 435) and in support thereof would show unto the Court the following:

1.

On August 3, 2011, WSB filed its Objection to Fee Applications (Docket No. 435). Since the filing of the Objection, WSB has been advised of and discovered additional pertinent information. This pleading is prepared to supplement and be added to WSB's Objection.

2.

The Debtor's Disclosure Statement provides in part as follows:

    **B.**    **Retention of Professionals**

The Debtors retained McCraney, Montagnet & Quin, PLLC as their bankruptcy counsel [Dkt #36] and Young Williams, P.A. as corporate counsel [Dkt

#35]. The Debtors retained General Capital Partners as financial and restructuring advisor [Dkt #100] and Lefoldt & Co. as accountants [Dkt #99]. Hadco International was engaged by the Debtors to provide full and complete appraisals of the Debtors' five (5) drilling rigs and related drilling equipment, expert testimony and consultation regarding valuation of said equipment for purposes of the Plan and related industry expertise regarding the Debtors' operations and business affairs, where applicable.

(Page 15 of Disclosure Statement)

### D.    Lien Adversary

As discussed in Section III. C, above, First Security instituted its civil action styled *First Security Bank, as Trustee v. O&G Leasing, LLC, Performance Drilling Company, LLC, et al.* in the United States District Court for the Southern District of Mississippi, in which it sought appointment of a receiver for the Debtors, judicial foreclosure of the Debtors' assets, among other remedies. The filing of this action pushed the Debtors into bankruptcy, which in turn stayed the action due to the imposition of the automatic stay of §362.

Shortly after filing their petitions for relief in the Bankruptcy Court, the Debtors instituted an adversary proceeding styled *O&G Leasing, LLC and Performance Drilling Company, LLC v. First Security Bank, as Trustee, and John Does 1-1000*, Adversary Proceeding No. 10-00054. The Debtors assert numerous claims challenging First Security's loan and security documents, including a request for a determination as to the nature, extent and validity of its asserted Liens, avoidance of preferential transfers stemming from the March 2010 filing of the UCC-1 financing statement that was to have been filed in connection with the September 2009 closing of the 2009 Debentures exchange, and an objection to First Security's asserted secured claims.

Upon the Debtors' filing of their adversary proceeding, the parties agreed to the referral of First Security's civil action to the Bankruptcy Court, where it became Adversary Proceeding No. 10-00070, and then to the consolidation of the two adversary proceedings, which the Bankruptcy Court approved. The consolidated cases essentially assert the same claims and defenses between and among the parties, and the cases have proceeded under Case No. 10-00054 since that time. Discovery is still ongoing, with in excess of 10,000 documents having bee produced collectively by the parties. Pending at present is a motion for summary judgment filed by First Security that the Debtors have opposed.

(Page 16 of Disclosure Statement)

6.  *Class 6: Octane Claims*

The Octane Claims constitute the Unsecured Claims of Octane Funding, LLC, and Octane Funding II, LLC, both of which are affiliates of the Debtors, in the amounts of $1,828,380 and 2,279,721, respectively. The Octane Claims were identified on the Debtors' Schedules as Secured Claims but which were both Disputed. Both Octane Secured Claims were based upon UCC-1 financing statements that were filed within the ninety (90) day period provided in §547 of the Bankruptcy Code, and in the Debtors' opinion, avoidable. As also evidenced in the Debtors' Statement of Financial Affairs filed in these Cases and consistent with customary practices with the Debtors described herein, Octane Funding, LLC provided bridge financing to the Debtors, and Octane Funding II, LLC, made loans and received repayments from the Debtors within the one(1) year period provided in §547 of the Bankruptcy Code for affiliated parties. As provided in Section 7.8.3 of the Plan, the Claims of Octane Funding, LLC, and Octane Funding II, LLC, are subject of a compromise and settlement of these issues with the Debtors avoiding any litigation of potential claims for preferences or fraudulent conveyances, with Octane waiving and foregoing any right of payment of Cash, treating such contribution as new capital to O&G and accepting the newly issued Interest in O&G (projected to have a negative value on and for at least several years after the Effective Date).

Class 6 is Impaired and entitled to vote on the Plan.

(Page 30 of Disclosure Statement)

8.  *Class 8: Interests*

Class 8 consists of the limited liability company membership Interest in O&G owned by Sajac. The limited liability company membership Interest in Performance is owned by O&G. Sajac's Interest shall be cancelled on the Effective Date. Performance shall remain a wholly owned subsidiary limited liability company of O&G.

Class 8 is Impaired, shall receive nothing under the Plan and is therefore conclusively deemed to reject the Plan.

(Page 31 of Disclosure Statement )

3.

What is not disclosed is the fact that Debtors' counsel represents Octane Funding, LLC, Octane Funding II, LLC (Class 6) and Sajac (Class 8). The Debtors' counsel represents Octane

Funding, LLC, Octane Funding II, LLC and Sajac pre-petition and post-petition including in the cause of action in the District Court (Cause No. 3:10-cv-00240-DPJ-FKB) which was transferred to the Bankrutpcy Court as Adversary Proceeding No. 10-00070 and later consolidated with Adversary Proceeding No. 10-00054.

4.

In the District Court, Debtors' counsel asserted in its pleadings on behalf of Octane Funding, LLC, Octane Funding II, LLC and Sajac the following:

> 4. All of the relief sought by the Plaintiff herein against Sajac, Octane and Octane II is, at a minimum, related to a case under the Bankruptcy Code, 11 U.S.C. Section 101, et seq., as bearing on property of the bankruptcy estate and the rights and interests of parties asserting claims thereto. Further, Sajac, Octane and Octane II believe that any claims against them in this case are part of a core proceeding that the Bankruptcy Court is best situated to adjudicate and to do so efficiently.
> 5. The Bankruptcy Court presently has the controlling jurisdiction over the Adversary Proceeding, has the best ability to most efficiently resolve all claims between and among the parties to this case and is best situated to hear and determine those claims with the remaining claims in this case. In the unlikely event that this case is determined to be a non-core proceeding, Sajac, Octane and Octane II hereby consent to the entry of final orders or judgments by the presiding Bankruptcy Judge.

(Page 3 and 4, Motion, Dkt #13, Cause No. Cause No. 3:10-cv-00240-DPJ-FKB)

5.

The Debtors' proposed Plan provides as follows:

> *5.6.    Class 6: Octane Claims*
>
> **Treatment.** Class 6 consists of the Allowed Unsecured Claims of Octane. On the Effective Date, the Holders of such Claims will be deemed to have contributed the full amount of their Class 6 Claims to the capital of O&G and receive the newly issued membership interests in O&G, and such distribution shall be in full satisfaction and release of said Allowed Class 6 Claims.
>
> **Impairment.** Class 6 is Impaired and entitled to vote on the Plan.

  *5.8.* *Class 8: Interests*

  **Treatment.** The Interest in O&G will be cancelled on the Effective Date, and the Holder of such Interests will receive nothing on account of its Class 8 Interest.

  **Impairment.** Class 8 is impaired and conclusively presumed to reject the Plan.

(Page 12 of Plan)

6.

Thus, Debtors' counsel has proposed a Plan on behalf of the Debtor which deals with a $4,108,101 combined "claim" of Octane (Debtors' counsel's other client) under Class 6. In addition, the Plan settles disputes and controversies with Octane and the Debtor and sets up a Plan which allows Octane to vote as an impaired class. A very significant point in attempting confirmation.

7.

Also, the Plan proposed by the Debtors' counsel deals with the membership interest in O&G which is owned by Sajac (Debtors' counsel's other client) under Class 8.

8.

As a result, the Debtors' counsel represents the following parties:

| | |
|---|---|
| O&G Leasing, LLC | Debtor |
| Performance Drilling Company, LLC | Debtor |
| Octane Funding, LLC | Creditor - $1,828,380 (Class 6) |
| Octane Funding II, LLC | Creditor - $2,279,721 (Class 6) |
| Sajac | Interest Owner (Class 8) |
| Ben Turnage | Individual, Guarantor, Creditor, Owner, Management |

9.

Debtors' counsel's allegiances should be to the bankruptcy estates and no one else. Under the Bankruptcy Code and related Rules of Federal rules of Bankruptcy Procedure, Debtors' counsel cannot be compensated by the estates and cannot represent the bankruptcy estate.

WHEREFORE, Washington State Bank requests the Court to consider this Supplement and sustain the Objection to Fee Applications.

                Respectfully submitted,

                WASHINGTON STATE BANK

BY:    s / Derek A. Henderson
          DEREK A. HENDERSON
          ATTORNEY FOR WASHINGTON STATE BANK

## CERTIFICATE OF SERVICE

      I, DEREK A. HENDERSON, do hereby certify that I have this date served the foregoing Supplement to Objection to Fee Applications, via the ECF Notification Service, which provides electronic notice to the all parties of record and the following:

O&G Leasing, LLC
125 S. Congress St, Ste 1610
Jackson, MS 39201

Performance Drilling, LLC
816 N. College St.
Brandon, MS 39042

Douglas C. Noble
McCraney, Montagnet & Quinn
602 Steed Rd, Ste 200
Ridgeland, MS 39157

Robert L. Holladay, Jr.
Young Williams
PO Box 23059
Jackson, MS 39225-3059

Office of the United States Trustee
501 E. Court Street
Suite 6-430
Jackson, MS 39201

      This, the 8th day of August, 2011.

                                          s / Derek A. Henderson
                                          DEREK A. HENDERSON

**DEREK A. HENDERSON, MSB #2260**
**111 East Capitol Street, Suite 455**
**Jackson, Mississippi 39201**
**(601) 948-3167**
**d_henderson@bellsouth.net**