IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

|  |  |  |
|---|---|---|
| In re: | ) ) ) | |
| O&G LEASING, LLC, *et al.* | ) ) | Case No. 10-01851-EE Chapter 11 |
| Debtors. | ) ) | Jointly Administered |

**DEBTORS' MOTION TO RESET FOR HEARING
MOTION FOR AN ORDER (A) COMPELLING FIRST SECURITY BANK'S
COMPLIANCE WITH FED. R. BANKR. P. 2019;
(B) PROHIBITING FURTHER PARTICIPATION IN THESE CASES BY
FIRST SECURITY BANK PENDING COMPLIANCE WITH FED. R. BANKR. P. 2019**

COME NOW each of the above-captioned Debtors and debtors-in-possession (collectively, the "**Debtors**") in these reorganization proceedings, and request that the Court reset for hearing the following pleadings relating to the Debtors' *Motion for an Order (A) Compelling First Security Bank's Compliance with Fed. R. Bankr. P. 2019; and (B) Prohibiting Further Participation in These Cases by First Security Bank Pending Compliance with Fed. R. Bankr. P. 2019* (the "**2019 Motion**") [Dkt #133]. In support of this motion, Debtors respectfully state that:

**BACKGROUND**

1. The 2019 Motion was filed on August 5, 2010 and has been fully briefed and argued by the parties.[1] After a hearing, the Court granted the 2019 Motion in part, but after First Security Bank ("**FSB**") moved for reconsideration, the Court granted the motion but held all proceedings in abeyance. Since on or about November 16, 2010, no proceedings have been held and there has been no disposition of the issue.

---
[1] See the Debtors' Brief, Dkt #218, and First Security Bank's Brief, Dkt #221.

1

2.      Now, competing plans having been filed, one a plan of reorganization by the Debtors and one a plan of liquidation filed by FSB.  The issues initially raised by the 2019 Motion are now even more relevant where certainty that the solicitation process and the dissemination of full, complete and accurate information is essential to all interested parties in the cases, a point recognized by the Court at the hearing.

3.      Moreover, as comprehensive plan litigation will soon commence, it is certainly now time that the estate be entitled – for the first time in these proceedings – to know the identity of the persons or entities directing FSB and the course and direction of these proceedings.  The failure of FSB, its counsel and others to make the disclosures required under Rule 2019 has severely hindered any ability of the Debtors to negotiate or peaceably resolve anything in these cases.  Furthermore, the Debtors have been unable to obtain examination or deposition of FSB or any other party directing FSB, which has prejudiced the Debtors and this estate and has ensured prolonged and contentious proceedings.

4.      Moreover, since the 2019 Motion has sat dormant, FSB has, according to its counsel, been directed by a "steering committee" consisting of unknown parties alleged to have control over enough votes to authorize and direct FSB to do as it wishes.  FSB's representations have heretofore been that it does not know who holds the bonds and that it only communicates through the DTC.  Documents it has produced, and now the existence of a "committee" that is instructing FSB as to its fiduciary duties, belie these prior representations.  In any event, the estate and the Court should know who sits on this committee and their interests.  The key to fairness and transparency in these cases rests with FSB's compliance with Rule 2019.

5.      As cited in the Debtors' previously filed pleadings, FSB has had the obligation to comply with Rule 2019 since the petitions were filed, but it has not and will not, and the Court

has deferred proceedings to fully and finally resolve the issue.  But, the existence now of a "steering committee" comprised of unidentified parties makes the continued non-compliance egregious and prejudicial to the estate based on, again, the plain language of the ruling, applicable case law and the intention of the rule.

6. This matter should be reset for September 6, 2011, with all of the pending matters already set for hearing that date.

WHEREFORE, the Debtors request that the Court reset for reconsideration the 2019 Motion and all related pleadings and for such other relief this Court deems just and proper.

THIS the 23rd day of August, 2011.

> Respectfully submitted,
>
> **O&G LEASING, LLC,** *et al.*
>
> By:  /s/ *Douglas C. Noble*
>
> Douglas C. Noble, MS Bar No. 10526
> **McCraney, Montagnet & Quin, PLLC**
> 602 Steed Road • Suite 200
> Ridgeland, Mississippi 39157
> Telephone:  (601) 707-5725
> Facsimile:   (601) 510-2939
> Email:  dnoble@mmqlaw.com
> www.mmqlaw.com
>
> E. Stephen Williams, MS Bar No. 7233
> Robert L. Holladay, Jr., MS Bar No. 100713
> **YoungWilliams P.A.**
> 210 East Capitol Street
> Regions Plaza, Suite 2000
> P. O. Box 23059
> Jackson, MS  39225-3059
> Telephone:  (601) 948-6100
> Facsimile:   (601) 355-6136
> Email:  steve.williams@youngwilliams.com
> Email:  rob.holladay@youngwilliams.com

## **CERTIFICATE OF SERVICE**

    I do hereby certify that the foregoing pleading was filed electronically through the Court's CM/ECF system and served electronically on all parties enlisted to receive service electronically and was separately served by e-mail on the following:

| | |
|---|---|
| Ronald H. McAlpin<br>Trial Attorney, Office of the U.S. Trustee<br>ronald.mcalpin@usdoj.gov | Jim F. Spencer, Jr.<br>WATKINS & EAGER<br>jspencer@watkinseager.com |

Stephen W. Rosenblatt
BUTLER SNOW
steve.rosenblatt@butlersnow.com

SO CERTIFIED, this the 23rd day of August, 2011.

                                                /s/ *Douglas C. Noble*