IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| In re: ) | |
| ) | |
| O&G LEASING, LLC, *et al.* ) | Case No. 10-01851 EE |
| ) | Chapter 11 |
| Debtors. ) | Jointly Administered |
| ) | |

**OBJECTION TO FIRST SECURITY BANK, AS INDENTURE TRUSTEE, MOTION FOR AN ORDER (A) ESTABLISHING SALES PROCEDURES IN CONNECTION WITH SOLICITATION OF OFFERS FOR SALE OF CERTAIN ASSETS; (B) APPROVING STALKING HORSE BID PROTECTION; AND (C) SETTING NOTICE OF OBJECTION DEADLINES AND DATES OF HEARINGS**

COME NOW the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") in these reorganization proceedings and file this *Objection* to the *Motion for an Order (A) Establishing Sales Procedures in connection with Solicitation of Offers for Sale of Certain Assets; (B) Approving Stalking Horse Bid Protection; and (C) Setting Notice of Objection Deadlines and Dates of Hearings* [Dkt #441] (the "**Motion**") filed by First Security Bank ("**FSB**"). In support of their Objection, the Debtors show as follows:

1.   Because the Motion has not been formally noticed and no objection deadline established, the Debtors submit that no response is required and that consideration of the Motion cannot occur until such time as proper notice to all creditors has been provided pursuant to the Bankruptcy Rules. This Objection is filed because the Motion is scheduled for a preliminary hearing on September 6, 2011. The Debtors reserve their rights to file further responses and objections upon proper notice and scheduling of the Motion.

1

2. The Motion, which is part and parcel of FSB's proposed plan of liquidation, is an absurdly premature filing that seeks to be fiscally irresponsible with estate funds and to "jump start" a process that is fundamentally flawed and questionable in many respects.

3. The Motion is premised upon a pre-confirmation sale of the Debtors' assets under § 363 of the Bankruptcy Code. FSB can neither seek nor obtain authority to sell the Debtors' assets under § 363, therefore the Motion seeking to establish a process for a sale that cannot occur cannot be granted. Washington State Bank has also voiced objection to the Motion on the same grounds.

4. Moreover, if granted, the estate becomes liable for a break up fee to an unverified stalking horse bidder that has performed no due diligence under a sale contract that cannot be performed as a matter of law. The Debtors object to consideration of approving a proposed stalking horse and payment of a gratuitous break up fee until such time as the sale sought by FSB can actually occur. This does not even address the numerous unanswered questions and problems with the stalking horse bidder and the break up fee themselves, neither of which should be approved.

5. The Debtors have numerous objections to the "Bidding Procedures" as well. To avoid wasting the estate's assets by having to prematurely object to a process that cannot proceed, the Debtors will elaborate on those objections specifically if and when the process becomes legitimate and authorized and after due and proper notice of the Motion is given.

6. Most importantly, FSB's plan must first be confirmed before the Motion can be approved. The numerous questions about FSB's plan and whether or not it is confirmable and can be performed as represented must first be answered before the Debtors are liquidated – such as whether or not liquidation is in the best interest of the estate. The Motion's self-serving and

unproven allegations regarding many matters are largely unrelated to a sale procedure and are plainly intended to argue in favor of its plan of liquidation and against the Debtors' plan of reorganization, further proving not only that the Motion has no legitimate purpose but also that the real issue is truly one for consideration only after conclusion, or at the earliest in connection with, plan confirmation proceedings.

7. The fact that the Motion is misleading to creditors and the public by insinuating that a sale can or will occur at this juncture and in the manner proposed is further grounds for dismissal and raises questions regarding its filing. Consequently, the Motion should be dismissed.

8. The issues regarding a sale and any accompanying process should be raised and addressed through plan litigation, and only after thorough examination by creditors and determination by the Court as to confirmation of the competing plans will the relief such as that sought in the Motion be ripe for consideration.

9. The Debtors reserve the right to further supplement this Objection upon due and proper notice of the Motion. The Debtors reserve the right to adopt and incorporate any other responses and/or objections to the Motion.

WHEREFORE, the Debtors respectfully request that the Court deny the Motion and that the Court either dismiss the Motion without prejudice or hold it in abeyance until after a ruling on confirmation of FSB's plan has been made. The Debtors request such other and more general relief as the Court deems just.

THIS the 2nd day of September, 2011.

Respectfully submitted,

**O&G LEASING, LLC,** *et al.*

By: /s/ *Douglas C. Noble*

Douglas C. Noble, MS Bar No. 10526
**McCraney, Montagnet & Quin, PLLC**
602 Steed Road • Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 707-5725
Facsimile: (601) 510-2939
Email: dnoble@mmqlaw.com
www.mmqlaw.com

**CERTIFICATE OF SERVICE**

I do hereby certify that the foregoing pleading was filed electronically through the Court's CM/ECF system and served electronically on all parties enlisted to receive service electronically and also served on the following:

| | |
|---|---|
| Eric F. Hatten<br>BURR & FORMAN, LLP<br>ehatten@burr.com | John M. Lassiter<br>BURR & FORMAN, LLP<br>jlassite@burr.com |
| Michael D. Warner<br>COLE, SCHOTZ, MEISEL, FORMAN &<br>LEONARD, P.A.<br>mwarner@coleschotz.com | Stuart Komrower<br>COLE, SCHOTZ, MEISEL, FORMAN &<br>LEONARD, P.A.<br>skomrower@coleschotz.com |

SO CERTIFIED, this the 2nd day of September, 2011.

/s/ *Douglas C. Noble*